IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Alaska Air Group, Inc.**, *et al.*,<br>    **Plaintiffs**,<br>v.<br>**Anthem, Inc.**, *et al.*,<br>    **Defendants**. | No. 2:21-cv-01209-RDP |
| **JetBlue Airways Corporation**, *et al.*,<br>    **Plaintiffs**,<br>v.<br>**Anthem, Inc.**, *et al.*,<br>    **Defendants**. | No. 2:22-cv-00558-RDP |
| **Bed Bath & Beyond Inc.**, *et al.*,<br>    **Plaintiffs**,<br>v.<br>**Anthem, Inc.**, *et al.*,<br>    **Defendants**. | No. 2:22-cv-01256-RDP |

**STIPULATED ORDER OF DISMISSAL
AS TO HEALTHYDAKOTA MUTUAL HOLDINGS**

This matter is before the court on the Joint Motion to Enter Stipulated Order of Dismissal as to HealthyDakota Mutual Holdings. (*Alaska Air*, Doc. # 384; *JetBlue*, Doc.# 313; *Bed Bath & Beyond*, Doc. # 286). The Motion is **GRANTED**.

Plaintiffs in these actions (together "Plaintiffs"), and Defendants HealthyDakota Mutual Holdings ("HDMH") and Blue Cross Blue Shield of North Dakota ("BCBS-ND") (collectively, "Defendants") (each a "Party" and "Parties"), by and through their undersigned counsel have stipulated as follows:

Plaintiffs named HDMH as a defendant in the above-captions actions;

BCBS-ND and HDMH, along with certain other defendants filed a motion to dismiss for, among other things, lack of personal jurisdiction and improper venue on October 11, 2022 (*Alaska Air*, Docs. # 103, 110, 117; *JetBlue*, Docs. # 68, 73, 79) ("*Alaska Air/JetBlue* Motions to Dismiss") and February 14, 2023 (*Bed Bath & Beyond*, Docs. # 135, 137, 146, 150) ("*Bed Bath & Beyond* Motion to Dismiss");

On February 21, 2023, the court issued Memorandum Opinions and Orders, which, among other things, allowed limited jurisdictional discovery directed at HDMH in the *Alaska Air* and *Jet Blue* actions (*Alaska Air*, Doc. # 267 at 22–23; *JetBlue*, Doc. # 189 at 22–23);

On March 23, 2023, the Parties filed a Joint Stipulation that: (a) the arguments made in the *Alaska Air/JetBlue* Motions to Dismiss "shall be deemed to have been made, opposed, and preserved, and not to have been waived, forfeited, or abandoned, by the Parties in the Bed Bath & Beyond action"; (b) "The Bed Bath & Beyond Motions to Dismiss (Doc. 135, 137, 146, 150) are deemed to be denied by, and on the same bases as described in, the Memorandum Opinions Orders issued in the Alaska Air and JetBlue actions . . . ." (*Bed Bath & Beyond*, Doc. # 176-1 at 1–2);

That same day, the court entered an Order which, among other things, allowed limited jurisdictional discovery directed at HDMH in the *Bed Bath & Beyond* action (*Bed Bath & Beyond*, Doc. # 177 at 2);

Plaintiffs served discovery requests on HDMH regarding jurisdictional issues, in response to which HDMH produced documents;

The Parties stipulate as follows:

1. By entering into this stipulation, HDMH makes clear that it does not consent to jurisdiction or venue in the Northern District of Alabama, and specifically asserts that the court does not have jurisdiction over it.

2. HDMH was organized as a nonprofit mutual holding company effective January 1, 2019.

3. Although HDMH is a signatory to the Blue Cross Blue Shield Association ("BCBSA") license agreement, HDMH does not sell any health insurance products or use the Blue Cross Blue Shield trademarks.

4. All insurance products sold pursuant to any license agreement between the BCBSA and HDMH are sold and administered by BCBS-ND.

5. Documents responsive to Plaintiffs' document requests in these actions are likely in the possession of BCBS-ND. BCBS-ND has agreed, however, that if relevant, non-duplicative and non-privileged documents responsive to a document request that Plaintiffs serve in the future are likely to be in the possession of HDMH, and BCBS-ND agrees to produce those documents or is ordered to produce those documents, BCBS-ND will work with HDMH to search for and produce any such documents. By making this agreement, BCBS-ND and HDMH do not waive their position that they are separate, independent entities that observe corporate formalities, and Plaintiffs will not argue that this agreement or BCBS-ND's production of HDMH documents constitutes a waiver of any defense.

6. HDMH and BCBS-ND have agreed that, upon HDMH's dismissal from these actions, BCBS-ND will not raise a defense that BCBS-ND cannot be liable as an alleged conspirator because it is HDMH and not BCBS-ND that holds the Blue Cross Blue Shield license with the BCBSA.

7. To be sure, BCBS-ND has not waived, and has preserved, all other defenses to the actions. Nothing in this Stipulation shall be deemed an admission of any liability on the part of BCBS-ND or HDMH.

8. BCBS-ND has agreed it will not claim that it is judgment proof based on the dismissal of HDMH from these actions.

9. It is hereby **ORDERED** that the claims against Defendant HDMH are **DISMISSED WITHOUT PREJUDICE** and without costs or fees awarded to any Party. This dismissal shall not affect any other right, claim, or cause of action which Plaintiffs have, or may have, against any remaining Defendant.

10. The captions of these actions are amended to reflect the dismissal of HDMH.

**DONE** and **ORDERED** this January 17, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE