IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Alaska Air Group, Inc.,** *et al.*, <br> Plaintiffs, <br> v. <br> **Anthem, Inc.,** *et al.*, <br> Defendants. | No. 2:21-cv-01209-RDP |
| **JetBlue Airways Corporation,** *et al.*, <br> Plaintiffs, <br> v. <br> **Anthem, Inc.,** *et al.*, <br> Defendants. | No. 2:22-cv-00558-RDP |
| **Bed Bath & Beyond Inc.,** *et al.*, <br> Plaintiffs, <br> v. <br> **Anthem, Inc.,** *et al.*, <br> Defendants. | No. 2:22-cv-01256-RDP |

**MEMORANDUM OPINION AND ORDER**

These cases are before the court on a discovery dispute regarding Plaintiffs' Request for the Production of Defendants' MDL Expert Reports that were produced in *In Re Blue Cross Blue Shield Antitrust Litigation MDL 2406*, Case No. 2:13-cv-20000-RDP. The court construes Plaintiffs' Initial Brief in Support of Their Request For Production of Defendants' MDL Expert Reports as a motion to compel production of the reports. The matter has been fully briefed, and it is due to be granted.

**I.     Background**

On January 24, 2023, Plaintiffs served their Re-Served First Set Of Requests For Production Of Documents. (Doc. # 359-7). Those Requests included (1) "REQUEST NO. 41. All Documents produced by Defendants in Case No. 2:13-CV20000-RDP" and (2) "REQUEST NO. 42. All Documents that were received in production or that were otherwise obtained by Defendants in Case No. 2:13-CV-20000-RDP." (Doc. # 359-7 at 21).

At an August 9, 2023 status conference, the parties alerted the court to a potential dispute regarding the production of Defendants' MDL Expert Reports. On October 18, 2023, the court conducted a status conference to discuss discovery issues in these cases. At that time, the parties reported that there was a concrete dispute regarding the production of the expert reports that were produced by Defendants in the MDL. On October 20, 2023, the court ordered the parties to brief the issue of whether the MDL Expert Reports should be produced as fact discovery in these cases. (Doc. # 347).

**II.    Legal Standard**

Discovery under the Federal Rules of Civil Procedure is governed in part by a principle of proportionality. Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The scope of discovery is broad, and its purpose is to empower parties "to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501

(1947). Ultimately, this court has "broad discretion to compel or deny discovery." *United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

**III.    Analysis**

Plaintiffs argue that (1) the MDL expert reports are relevant, (2) expert reports from a prior case are discoverable where the claims, defenses, or issues from the prior case overlap (as they certainly do here), and (3) production of Defendants' MDL expert reports is warranted under Rule 26 because the probative value of the reports easily outweighs the light burden of producing them. (Doc. # 352 at 6-70. Plaintiffs also assert that they would be prejudiced if they did not receive the reports during fact discovery. (*Id*. at 7).

Defendants counter that (1) Plaintiffs' request for the MDL expert reports is a request for premature expert discovery, (2) even if the expert reports were considered "fact discovery," Defendants have no obligation to produce them now, and (3) Plaintiffs have not shown that the Reports are relevant. (Doc. # 359 at 7-8). Defendants have proposed that they will produce the prior MDL report of any expert from whom they also offer opinions in these cases. (*Id*. at 8).

In reply, Plaintiffs assert that the expert reports (1) have been properly requested, (2) are relevant, (3) are discoverable, (4) are needed to conduct fact discovery, and (5) contain admissible evidence. They also contend that production of the reports would not impose undue burden or prejudice on Defendants. (Doc. # 363 at 5).

### A.    A Request for Expert Reports in Prior Cases is Fact Discovery

Defendants seek to delay production until the period for expert discovery and then only produce the reports of experts also identified in these cases. However, the court readily concludes that discovery of Defendants' expert reports produced in the MDL is actually fact discovery. *See*

3

*Colonial BancGroup Inc. v. PriceWaterhouseCoopers LLP*, 2016 WL 9687001, at *2 (M.D. Ala. Jan. 22, 2016) ("the Court views the discovery of PWC's expert deposition testimony in other cases as fact discovery in this case") (citing *Parkervision Inc., v. Qualcomm Inc*. 2013 WL 3771226 at 1-2 (M.D. Fla. 2013) ("prior expert deposition transcripts and prior trial testimony transcripts … [are] discovery materials [which] fall within the ambit of Rule 26(b)(1) for general fact discovery.")). This court agrees that the requests seeking production of all documents produced in the MDL, including the expert reports, seek fact discovery under Rule 26.

**B.     The MDL Expert Reports Are Relevant**

These cases have a more direct connection to the prior litigation than in the situation where reports were produced in other cases. After all, Plaintiffs in these cases were ASO class members in the MDL who opted out of the Subscriber Settlement to pursue their own claims. The claims asserted in the Opt Out Complaints are the same that were raised in the MDL.

Likewise, the expert reports address the same questions that existed in the MDL: the relevant product market; whether that market is two-sided; whether Defendants would enter each other's territory and compete but for the market allocation; and whether the challenged restraints have anticompetitive effects. Therefore, the expert reports produced by Defendants in the MDL are clearly relevant to the claims in these cases. (Docs. # 352 at 14; # 363 at 6-7). Furthermore, prior litigation positions regarding the same claims are relevant to the claims and defenses in this subsequent, nearly identical litigation. *Infernal Tech., LLC v. Microsoft Corp*., 2019 WL 5388442, at *2 (E.D. Tex. May 3, 2019) (citing *Apple, Inc. v. Samsung Elecs. Co*., 2012 WL 1232267, at *6 (N.D. Cal. Apr. 12, 2012)). Therefore, the discovery sought is relevant.

### C. Production of the Prior Expert Reports is Proportional to the Needs of the Case

"Proportionality under Rule 26 encompasses the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 5795347, at *4 (S.D. Fla. June 24, 2016), *report and recommendation adopted sub nom. In re Takata Airbag Prod. Liab. Litig.*, 2016 WL 5844932 (S.D. Fla. June 30, 2016).

The issues raised in these opt-out cases -- whether Defendants have entered into a contract, combination, and/or conspiracy to limit output, to allocate customers and geographic markets for the sale of commercial health insurance services, and to deprive the market of free and open competition -- are crucial issues. The amount in controversy is substantial because Plaintiffs -- organizations large enough to self-fund their medical plans -- seek treble damages under the Sherman Act. Defendants have easy access to the requested information, and Plaintiffs only have access to brief executive summaries of the reports. Both Plaintiffs and Defendants have significant resources. Any confidentiality concerns are resolved by the parties' Stipulated Qualified Protective Order. (Doc. # 318). And, the burden and expense of production is virtually non-existent. Therefore, the relevant issues weigh in favor of allowing the requested discovery.

Moreover, the argument that Plaintiffs may obtain an unfair advantage by the production of Defendants MDL expert reports during fact discovery, before the period for expert discovery, rings hollow. Defendants were involved in litigating the Subscriber claims in the MDL for the better part of a decade. And, they already have access to the Plaintiff Subscribers' expert reports

which were produced in the MDL. Therefore, the court concludes that production of the MDL expert reports now is proportional to the needs of these cases.

### D. Determining the Admissibility of the Expert Reports Would Be Premature

Information sought in discovery need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Therefore, the court need not determine whether Defendants' MDL expert reports would ultimately be admissible in these cases at this juncture.[1]

### IV. Conclusion

For the foregoing reasons, Plaintiffs' construed motion to compel Production of Defendants' MDL Expert Reports that were produced in *In Re Blue Cross Blue Shield Antitrust Litigation MDL 2406* is **GRANTED**. Defendants **SHALL** produce the requested MDL Expert Reports within thirty (30) days.

**DONE** and **ORDERED** this January 29, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs have argued that the reports are admissible because they have been adopted by Defendants. "[Federal Rule of Evidence] 801(d)(2)(B) establishes that a third person's out of court statement is a party admission if the party, by words or conduct, manifests his or her adoption of its truth." *Lizotte v. Praxair, Inc.*, 640 F. Supp. 2d 1335, 1338 (W.D. Wash. 2009); *see also Whole Foods Mkt. Grp., Inc. v. Wical Ltd. P'ship*, 2019 WL 6910168, at *2 (D.D.C. Oct. 22, 2019) ("By specifically citing these portions of [its expert's] report in a court filing, Whole Foods outwardly manifested its belief that the statements were true, thereby effectively adopting the statements under Fed. R. Evid. 801(d)(2)(B)."). Plaintiffs have provided a chart of court filings in which Defendants have cited to their experts' reports. (*Alaska Air* Case No. 2:21-cv-01209-RDP, Doc. # 352-5). Nevertheless, the issue of admissibility will be taken up as appropriate before any trial.