FILED

2024 Mar-12  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **Alaska Air Group, Inc.,** *et al.*, <br><br>         **Plaintiffs,** <br><br> **v.** <br><br> **Anthem, Inc.,** *et al.*, <br><br>         **Defendants.** | **Case No.  2:21-cv-01209-RDP** |
| **JetBlue Airways Corporation,** *et al.*, <br><br>         **Plaintiffs,** <br><br> **v.** <br><br> **Anthem, Inc.,** *et al.*, <br><br>         **Defendants.** | **Case No. 2:22-cv-00558-RDP** |
| **Bed, Bath & Beyond Inc. now known as 20230930-DK-Butterfly-1, Inc.** *et al.*, <br><br>         **Plaintiffs** <br><br> **v.** <br><br> **Anthem, Inc.** *et al.*, <br><br>         **Defendants.** | **Case No. 2:22-cv-01256-RDP** |

**JOINT STIPULATION AND [PROPOSED] ORDER
CONCERNING DEPOSITION PROTOCOL**

The plaintiffs in the above-captioned actions (collectively, the "Plaintiffs") and the

defendants in the above-captioned actions[1] (collectively, the "Defendants" and, together with

---

[1] Those Defendants that have filed motions to dismiss for lack of personal jurisdiction and improper venue do not waive their position that this Court lacks personal jurisdiction over them and/or that venue is improper.

Plaintiffs, the "Parties") hereby stipulate and the Court orders that the following Protocol will govern the conduct of depositions in the above-captioned actions (the "Actions").

## 1. General Principles

    a.  Except as set forth herein, the Federal Rules of Civil Procedure for noticing and conducting depositions shall apply in the Actions.

    b.  <u>Depositions.</u> The Parties agree to confer and cooperate regarding the scheduling and logistics of depositions and will work in good faith to agree on a reasonable location for in-person depositions that is convenient to the witness. Depositions shall be taken in person pursuant to the Federal Rules of Civil Procedure unless the Party noticing the deposition designates the deposition to be taken remotely pursuant to the terms of this Protocol in the notice of deposition.  If a deposition is in-person, all questioning attorneys must be present in-person. Attorneys may observe in-person depositions remotely and object on the record, but they may not question the witness.

    c.  <u>Vendors</u>. The Parties agree to use a remote deposition platform with as many security features enabled as possible to conduct remote depositions and prevent the public disclosure of protected confidential information.[2]  While reserving the right to make a change at any time, Plaintiffs currently plan to utilize BlueBear Solutions and Defendants currently plan to utilize Veritext Legal Solutions for the depositions that they notice.  The Parties have exchanged with each other the vendors' proposals, which reflect that each respective vendor will charge the same prices and

---

[2]  For purposes of this Protocol, use of Zoom technology with a passcode-protected meeting room shall constitute sufficient security features.

offer the same terms to Plaintiffs and Defendants, regardless of the noticing party, and for each deposition, each respective vendor will send one bill to Plaintiffs and one bill to Defendants for a single transcript that can be shared by Plaintiffs or Defendants.   All private chat features on the remote deposition and exhibit platforms shall be disabled. The Parties will arrange for their respective court reporting vendors to commit a small group of personnel to this case so that those personnel can become familiar with the issues in the case. To the extent necessary, the Parties have agreed to enter into a stipulation that court reporters need not be certified or licensed in each state in which a witness sits (provided the reporters are otherwise sufficiently and appropriately certified and licensed in at least one state). For each remote deposition, the noticing attorney will ask their court reporting vendor to designate an operator to assist the participants with any technical issues that may arise during the deposition. The Parties agree that use of BlueBear Solutions and Veritext Legal Solutions will not prevent any Party from utilizing the same vendor at trial or in other proceedings. Plaintiffs and Defendants will ensure that their respective court reporting vendors and their representatives present at any deposition agree to be bound by the operative protective orders entered in the Actions (*Alaska Air*, Dkt. 318; *JetBlue*, Dkt. 240; *Bed, Bath & Beyond*, Dkt. 223.) The Parties also agree that BlueBear Solutions and Veritext Legal Solutions shall not share any confidential information or work product of Plaintiffs with Defendants or vice versa.

2.  **Deposition Procedures**

   a.  <u>Stenographic Recording.</u> Pursuant to Federal Rule of Civil Procedure 30(b)(5), all depositions (in-person and remote) shall be conducted before a certified court reporter, and the certified court reporter shall simultaneously stenographically record all deposition proceedings and testimony. The court reporter shall administer the oath or affirmation to the witness. In the case of a remote deposition, the court reporter may administer the oath or affirmation to the witness through the remote deposition video platform from a different location than the witness, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the witness. The written transcript by the court reporter shall constitute the official record of the deposition for purposes of Rules 30 and 32 in the Actions.

   b.  <u>Video Streaming.</u> Video-recorded depositions may be transmitted via video stream that shall include both live video and audio of the witness and may include live streaming of a rough draft transcript in real time during the deposition. Absent a special need, during the deposition, the witness will not have access to or use of any rough draft transcript made available in real time during the deposition. Video streams shall not be recorded, shared, or otherwise transmitted to any person who is not authorized to attend the deposition.  No participant in a deposition shall permit anyone who is not a participant to hear or view the video stream while the deposition is being conducted.

c.  <u>Time Keeping.</u> The court reporter or videographer shall maintain a total "on the record" running time for actual deposition testimony to record how much time is taken in each deposition by each Party.

d.  <u>Remote Deposition Logistics</u>

    i.  In order to facilitate reliable use of the remote deposition video and exhibit platforms, each participant in any remote deposition shall be responsible for acquiring, maintaining, and utilizing computer, audio, and video equipment necessary to conduct the remote deposition. The Parties shall work collaboratively and in good faith with the relevant court reporting vendor to assess each witness's technological capabilities and to troubleshoot any issues in advance of each remote deposition.

    ii.  At least three (3) business days prior to each remote deposition, participating counsel shall provide the relevant court reporting vendor with the names and e-mail address(es) for each of the remote deposition participants.  If the witness has no defending attorney, noticing counsel shall gather the witness's name and e-mail address for the relevant court reporting vendor.

    iii.  At least two (2) business days prior to each remote deposition (or if the details are not available from the relevant court reporting vendor until closer in time to the remote deposition than two (2) business days, as soon as practicable), the relevant court reporting vendor shall provide to participating counsel all details necessary to gain access to each remote deposition.

iv.  The witness must be the only person in the room during the time he or she
is testifying on the record during a remote deposition with the exception of
any attorney(s) representing the witness. While on the record, any attorney
physically present in the same room as the witness will log into the remote
deposition platform separately and have their respective cameras on and be
audible at all times through individual or shared audio feeds (*e.g.*, all
individuals in a room may share one telephone dial-in for audio). The
witness may be asked on the record to identify any and all attorney(s)
physically present in the same room as the witness. If another person enters
the room during the time the witness is testifying on the record, the witness
must disclose that a person has entered and disclose the identity of such
person. If any of the participants object to the person's presence, the person
will be directed to leave the room immediately. From the beginning of the
time that another person is in the room with the witness, the time on the
record will be stopped and the questioning attorney will pause questioning
until the witness confirms that he or she is the only person in the room with
the exception of any attorney(s) representing the witness.

v.  The witness, questioning attorney, and defending attorney shall be visible
through the remote deposition video platform while on the record
throughout the remote deposition.

vi.  Before any remote deposition, witnesses will be instructed by their counsel,
or if unrepresented, by the first questioning attorney, that they may not use
or consult any means of communication while on the record during the

deposition (other than audio and video communications used to conduct the deposition itself), including without limitation electronic communications (e.g., email, text, social media) and other communications (e.g., telephone).

vii. If the witness consults hard-copy document(s) while on the record during the deposition and the document(s) is not marked as an exhibit, the witness shall disclose at the time they are consulting such documents that they are in fact consulting documents and shall disclose such documents to the participants in attendance at the deposition.

viii. No participant other than the questioning and defending attorney(s), and as needed the court reporter, videographer, or remote platform operator to resolve technical issues, shall communicate or attempt to communicate with the witness in any way while proceedings are on the record for any remote deposition.  No participant shall communicate or attempt to communicate with the witness while the remote deposition is on the record through any means other than the remote deposition video and exhibit platforms, except that the videographer or remote platform operator may communicate with the witness to resolve technical issues through means other than the remote deposition video and exhibit platforms; the defending attorney may participate in any such communication.

ix. Once proceedings go on the record, the questioning and defending attorneys must agree before the record stops, except in the case of technical issues as described below.

x. The Parties agree to work collaboratively to address, troubleshoot, and resolve any technical issues that arise during a remote deposition.

1. If a technical issue prevents the court reporter, questioning attorney, defending attorney, or witness from speaking to, seeing, or hearing other participants, the remote deposition shall be deemed off the record from that time until the issue is resolved.

2. If the court reporter, questioning attorney, defending attorney, or witness becomes disconnected from the remote deposition video or exhibit platform during the remote deposition, the deposition shall be deemed off the record from that time until the issue is resolved.

3. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any remote deposition taken pursuant to this Protocol and such technical issue cannot be remedied in a timely manner, questioning attorney, defending attorney, and other attending counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to agreeing to reschedule the deposition.

e. <u>Cost of Deposition.</u> The noticing Party shall bear the expense of both videotaping and stenographic recording. The Parties shall each bear their own costs for obtaining copies of written transcripts and video recordings.

f. <u>Identification of Persons in Attendance.</u> Before commencement of the deposition, each witness, attorney, and any other person attending the deposition shall provide the court reporter his or her name, the name of his or her firm or company, business

address, and the name of the client he or she represents. Each person attending the deposition shall also confirm to the court reporter that he or she is entitled to attend the deposition and has agreed to be bound by the applicable protective order. The list of these people shall be included at the beginning of the deposition transcript.

g.  Index. For all remote and videotaped depositions, the videographer shall use a time counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to the time counter, that identifies the points on the recording at which exhibits were introduced and at which examination by different counsel begins and ends.

h.  Consultation with Witness. During a deposition, a witness may consult with his or her attorney except while a question is pending to the extent permitted under the law. If a question is pending, the witness must first answer the question before consulting with counsel, except when the consultation relates to the application or assertion of a privilege or immunity. Nothing in this Protocol prevents a witness from seeking advice regarding the application of a privilege or immunity from testifying during the course of an in-person or remote deposition. Nothing in this Protocol prevents a defending attorney from initiating a private communication off the record with the witness for the purpose of determining whether a privilege or immunity should be asserted, provided the defending attorney first states the defending attorney's intention on the record before initiating such communication.

i.  Courtesy. Counsel are expected to cooperate with, and be courteous to, each other, witnesses and all vendor personnel participating.

**3. Limits on Depositions**

    a.   Deposition Limits.

        i.   Unless the Parties otherwise agree or the Court otherwise orders, Plaintiffs shall be limited to a total of 90 fact depositions of the current and former employees of Defendants, not to exceed 5 fact witness depositions per Defendant and its Affiliates[3] as well as 7 hours of Rule 30(b)(6) deposition testimony per Defendant and its Affiliates, except that Plaintiffs may take up to 7 fact witness depositions and 8 hours of 30(b)(6) deposition testimony of the current and former employees of each of the following: (i) Cambia Health Solutions, Inc. and its Affiliates; (ii) CareFirst, Inc. and its Affiliates; (iii) Highmark, Inc. and its Affiliates; (iv) Blue Cross Blue Shield of Michigan Mutual Insurance Company and its Affiliates, and (v) Premera and its Affiliates, and may take up to 10 fact witness depositions and 10 hours of 30(b)(6) testimony of the current and former employees of (i) Elevance Health and its Affiliates and (ii) Health Care Service Corporation and its Affiliates.[4]

---

[3] "Defendant and its Affiliates", and "[Defendant Name] and its Affiliates", for purposes of this Protocol refer to the entity groupings in Appendix A.

[4] In response to Plaintiffs' RFP No. 16 (Fourth Set of Requests), Defendants will produce approximately 176 transcripts from the MDL depositions of Defendants and their experts, along with accompanying errata and exhibits, if any. Defendants will make this production within five days, but if Defendants withhold any transcripts or exhibits on the basis of Defendants' obligations to notify third parties or any other impediment in an agreement or court order, Defendants shall notify Plaintiffs of the specific transcripts or exhibits withheld and provide to Plaintiffs the language of the protective order or agreement, including the relevant court caption, addressing the basis for withholding production before producing third party confidential material. Defendants shall further describe the steps taken and to be taken to address the impediment to production. MDL documents, data, and fact deposition testimony produced or provided by Defendants or third parties in these actions will be treated as if they were produced, provided, utilized, and/or taken in these actions with the participation of both parties; provided that any such testimony shall be based on information available as of the date the testimony was given and subject to any agreements among the parties in the original action with respect to the scope of the testimony. Defendants agree to timely disclose to Plaintiffs any such agreements upon good faith and reasonable requests.

ii. Unless the Parties otherwise agree or the Court otherwise orders, Defendants shall be limited to a total of 90 fact depositions of the current and former employees of Plaintiffs, not to exceed 5 fact witness depositions per Plaintiff and its Affiliates[5] as well as 7 hours of Rule 30(b)(6) deposition testimony per Plaintiff and its Affiliates, except that Defendants may take up to 7 fact witness depositions and 8 hours of 30(b)(6) deposition testimony of the current and former employees of each of the following: (i) Tyson Foods, Inc. and its Affiliates; (ii) The Kroger Co. and its Affiliates; (iii) Publix Super Markets, Inc. and its Affiliates; and (iv) GuideStone Financial Resources of the Southern Baptist Convention and its Affiliates, and may take up to 10 fact witness depositions and 10 hours of 30(b)(6) testimony of the current and former employees of (i) FedEx Corporation and its Affiliates and (ii) The Boeing Company and its Affiliates.

iii. The aforementioned deposition limits have been agreed based on Plaintiffs' and Defendants' respective good faith representations of appropriate Defendant/Defendant Affiliate groupings and Plaintiff/Plaintiff Affiliate groupings, set forth in Appendices A and B, respectively. Plaintiffs and Defendants each reserve the right to seek additional 30(b)(1) depositions or 30(b)(6) hours based on a showing of good cause that doing so is reasonably necessary following good use of the above agreed hours. In the event of

---

[5] "Plaintiff and its Affiliates", and "[Plaintiff Name] and its Affiliates", for purposes of this Protocol refer to the entity groupings in Appendix B.

such a request, Plaintiffs or Defendants shall bring the request to the other side to be resolved if possible by a meet and confer process.  If the meet and confer process is unsuccessful, Plaintiffs or Defendants may attempt to resolve the dispute by raising it with the Special Master and, if necessary, seeking relief from the Court.

    iv.  The following depositions shall not count against the aforementioned limits:

        1.  Depositions of third parties (for the avoidance of doubt, depositions of former employees of Plaintiffs or Defendants are not non-party depositions);

        and

        2.  Depositions pursuant to Paragraph 3(b).

b.  <u>Un-deposed Trial Witnesses.</u> The Parties agree that any individual identified by an opposing Party as a trial witness who has not already been deposed shall be made available for deposition by the opposing Party reasonably in advance of trial.

c.  <u>Deponents.</u> Each witness may be deposed only once in these Actions unless the Parties agree or the Court orders otherwise. This limitation will not affect the right of any Party to seek to depose as a fact witness an individual who has been previously deposed as a corporate representative of a Party designated under Rule 30(b)(6) or of other Parties to object to such deposition. This limitation likewise will not affect the right of any Party to seek a corporate representative deposition under Rule 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other Parties to object to such depositions.  In cases where a witness is deposed in more than one capacity, the

12

examining Party shall clearly indicate on the record when the witness is being examined in their capacity as a 30(b)(6) corporate representative and when they are being examined in their capacity as a 30(b)(1) fact witness for purposes of timekeeping against the agreed deposition limits. The Parties shall use their best efforts to complete any such deposition in a single day. In the event the deposition of a witness being examined as both a 30(b)(1) and 30(b)(6) witness reaches 7 hours on the record on the first day and the questioning attorney(s) have further questions to ask, the witness may choose at that time whether to continue for additional time that day, or to resume on the next pre-scheduled deposition day.

d. <u>Deposition Length.</u> Depositions shall be limited to one day of seven (7) hours of questioning, irrespective of whether the witness is testifying personally or as a Rule 30(b)(6) designee, which is inclusive of questioning by the noticing Party and any other Party on the noticing Party's side of the Actions that wishes to question the witness, absent a stipulation or showing of good cause for enlargement. Nothing herein shall prohibit counsel from stipulating to longer or shorter depositions or from seeking relief from the Court on a showing of good cause. Any time a defending Party spends questioning its own witness shall not count towards the total hours; however, the noticing Party shall thereafter be entitled to further question the witness for any time remaining of its seven (7) hours and, if the seven hours has already elapsed, the noticing Party shall have additional time sufficient to question the witness for an equivalent amount of time as counsel for the defending Party.

e. <u>Allocation of Time.</u> All counsel seeking to examine a witness shall confer in good faith before the deposition to allocate examination time among any counsel intending to participate and ask questions at the deposition.

4. **Scheduling and Location of Deposition**

a. <u>Scheduling.</u> Counsel shall consult with opposing counsel to coordinate, to the extent practicable, the scheduling of depositions at mutually convenient times. Absent good cause, the Parties shall respond within fourteen (14) business days to a request for a deposition date with proposed deposition dates. The Parties shall meet and confer in good faith concerning the date, location, and manner of the deposition before a Party serves a deposition notice. Counsel may, however, take unilateral steps to schedule and notice a Party deposition after the 14 business days' notice required by this subsection has elapsed.  The provisions of this subsection shall not apply to subpoenas served on third parties not yet known to be represented by counsel, except insofar as the non-party is a former employee of a Party.

b. Multitracking of depositions is expected where appropriate; however, no more than two employees or former employees of a single Plaintiff and its Affiliates or a single Defendant and its Affiliates may be scheduled for deposition on the same day, and any such depositions shall not overlap, unless the interested Parties consent.

c. <u>Notice</u>

i. Witnesses who are current employees of a Party shall be requested to appear at deposition by notice of deposition and shall not be served with a

14

subpoena.  Any notice of deposition for a current employee shall be directed to counsel for the witness's employer.

ii.  Witnesses who are former employees of a Party may be requested to appear at depositions by notice of deposition served on counsel for their former employer and shall not initially be served with a subpoena.  The Parties will use their best efforts to make available their respective former employees whose depositions have been noticed without requiring a subpoena. A former employee retains the right to request issuance of a deposition subpoena for any reason within ten (10) business days of his or her receipt of the notice. If a Party is unable to produce a former employee without a subpoena, it shall promptly notify the Party requesting the deposition and shall provide the requesting Party the last known contact information for the former employee or former employee's counsel (if known). In the event a former employee requests issuance of a subpoena, or the former employer of the witness is unable to produce a former employee without a subpoena, the Party requesting the deposition of the former employee may issue a subpoena.

d.  The Parties will notice Rule 30(b)(6) depositions so as to allow the Parties to coordinate the timing of the depositions of a corporate representative designated under Rule 30(b)(6) and the deposition of that individual as a fact witness under Rule 30(b)(1). A Party receiving notice of a deposition pursuant to Rule 30(b)(6) will have twenty-one (21) business days from the date of receipt to object to the notice and any topics for examination, and the noticing Party and the noticed Party

will meet and confer in good faith to attempt to resolve any such objections. The Party noticed for a Rule 30(b)(6) deposition must identify the individual designated to testify on its behalf and the topic(s) on which such individual is designated to testify no later than ten (10) business days prior to the commencement of the Rule 30(b)(6) deposition

e. <u>Location.</u> Unless otherwise agreed upon, all Party and non-party depositions shall be taken within the greater metropolitan area of the witness's primary residence or place of business. Unless otherwise agreed, the deposition of an expert witness shall be taken within the greater metropolitan area of the expert witness's primary residence or place of business.

## 5. Documents & Exhibits

a. <u>Exhibit Numbering.</u> Each document marked for identification at a deposition shall be marked with an exhibit number. The Parties will use their best efforts to avoid duplication of exhibits (*i.e.*, shall try not to mark different Bates-stamped copies of the same document as separate exhibits). Any documents reviewed or notes made by a witness while a deposition is on the record shall be preserved, made available to all Parties' counsel, and/or made a deposition exhibit.

b. <u>Exhibits – In-Person Depositions</u>

i. Reasonable efforts shall be made to provide hard copies of documents used as exhibits in a deposition to all counsel attending the deposition in person. To facilitate the provision of exhibits, each Party should notify the noticing counsel of the anticipated number and identities of attendees.

    ii.  After the deposition is concluded, the questioning attorney will ensure that any remaining copies of hard copy exhibits are removed from the room and handled consistent with the operative protective order.

c.  <u>Exhibits – Remote Depositions</u>

    i.  The questioning attorney(s) shall use the remote deposition exhibit platform to mark and publish all exhibits that are used during a remote deposition, unless (a) noticing counsel prefers to provide hard-copy deposition exhibits to the witness and counsel in advance of a remote deposition and notifies defending counsel that hard-copy exhibits will be used at least five (5) business days in advance of the deposition, or (b) the witness reasonably requests the provision of hard-copy exhibits and the witness or defending counsel makes such request of noticing counsel at least ten (10) business days in advance of the deposition.

    ii.  Marking and publishing of exhibits via the remote deposition exhibit platform shall be facilitated by an individual other than the questioning attorney and may be accomplished through the use of a remote technician provided by Plaintiffs' or Defendants' court reporting vendor. Prior to the remote deposition, the questioning attorney(s) may, if feasible, convert intended exhibits to Portable Document Format (PDF) in order to allow them to be stamped using the remote deposition exhibit platform, provided that such conversion does not alter in any way the content of the exhibits.

    iii.  The questioning attorney shall confirm that the witness and defending attorney can access each published exhibit prior to questioning the witness

about the exhibit. To this end, the witness and defending attorney will be provided the ability to download the exhibit through the remote deposition exhibit platform and will have the opportunity to review it on his or her own screen. In addition, the remote deposition platform will provide the witness with the ability to navigate and annotate exhibits as appropriate.

iv. Exhibits marked and shown to the witness using the remote deposition exhibit platform shall be attached to the deposition record to the same extent as if the exhibits were physically marked and shown to the witness in person.

v. If hard-copy exhibits are used pursuant to Paragraph 5(c)(i)(a) or (b), noticing counsel will send hard copy exhibits in a sealed package that will not be opened until the first exhibit is used during the deposition when both the witness and defending counsel will open the sealed package on the record and on video. Counsel defending the deposition witness shall provide noticing counsel at least three (3) business days prior to the deposition with instructions for where such hard copy deposition exhibits shall be sent. After a remote deposition for which hard-copy exhibits were sent in advance, both the witness and defending counsel will destroy or return any unused exhibits without opening them.

## 6. Objections

a. <u>Objections.</u> All objections shall be made pursuant to Federal Rule of Civil Procedure 30(c)(2).

b.  <u>Preserving Objections.</u> As soon as any one attorney representing a Party to the Actions or representing the witness objects to a question, then all Parties have preserved all possible objections to the form of the question. Counsel for other Parties or the witness need not repeat their objections in order to preserve them for the record. Similarly, if the examining attorney objects following the answer, then all Parties' objections to the responsiveness of the answer are preserved without repetition by other counsel. Counsel should not make repetitive objections if another attorney has already stated an objection. If a technical issue prevents counsel representing the witness at a remote deposition from hearing a question or making a timely objection on the record, that counsel shall notify the other deposition attendees as soon as possible. Defending counsel's objection shall be deemed preserved if (i) the objection is made on the record promptly following the resolution of the technical issue, or (ii) if the technical issue cannot be resolved and the deposition is continued, the objection may be asserted in writing to noticing counsel, attending counsel, and the court reporter within two (2) business days of receiving the rough transcript that includes the question at issue.

c.  <u>Instructions Not to Answer; Suspension of a Deposition.</u> Instructions to the witness not to answer are improper except on the basis of privilege, Court order, or for any other basis allowable under the law. If a deposition is suspended pursuant to Rule 30(d)(3), the Party that suspended the deposition shall file and serve a motion for a protective order under Rule 26(c) within seven (7) calendar days of suspension of the deposition. If no motion for a protective order is filed, within fourteen (14)

calendar days of the suspension of the deposition, a motion to compel and for sanctions under Rule 37 may be filed and served.

**7. Non-Party Non-Expert Witnesses[6]**

    a.  <u>Notice.</u> Non-party witnesses (defined as those non-party witnesses who are not designated as testifying experts or whom a Party does not intend to offer as an expert at trial or otherwise in the course of the action) subpoenaed or noticed to testify shall, absent good cause, be noticed and served with the subpoena or deposition notice at least 30 calendar days before the scheduled deposition. A Party issuing a subpoena or deposition notice to a non-party may specify a proposed "placeholder" date for the deposition, but must then meet and confer with counsel for the non-party (if known) and the other Parties in the Actions in an effort to agree on a date and time for the deposition. All Parties shall be provided with a copy of the deposition notice pursuant to Rule 45(a).  The noticing Party, any other Parties, and the witness or counsel for the witness shall negotiate in good faith and undertake reasonable efforts to find an agreeable date for the deposition, which may include the negotiation of additional time for the non-party to collect and produce any requested documents, as well as for inspection of the documents, before the deposition commences.

    b.  <u>Allocation of Time.</u> For depositions of a non-party witness, unless otherwise agreed, the noticing Party and all Parties on the noticing Party's side in the Actions shall have six (6) hours to examine the witness, and the other Parties to the Actions

---

[6] These provisions do not apply to experts who may be retained by the Parties or a to Party's former employee(s).

shall have one (1) hour to examine the witness. If a non-party's deposition is cross-noticed in good faith, each side shall have 4.5 hours to depose the non-party. One side's failure to utilize its 4.5 hours of time shall not result in such time being awarded to the other side, unless the Parties agree to some other allotment in advance of the deposition. Nothing herein prevents a Party from seeking to extend a non-party's deposition pursuant to a stipulation or a showing of good cause.

c. <u>Deposition Protocol.</u> Where a non-party witness is represented by counsel not already representing a Party to the Actions, noticing counsel shall provide a copy of this Protocol and the operative protective order to the witness's counsel along with the deposition notice or subpoena.

**8. Sequencing of Examinations at Depositions**

a. <u>Sequence of Examination – Depositions Taken by Plaintiffs.</u>  Questioning at depositions noticed by Plaintiffs shall be conducted in the following sequence:

　　i.  Primary examiner selected by Plaintiffs to conduct the examination;

　　ii.  Secondary examiner selected by Plaintiffs, if any, on matters not previously covered by Plaintiffs' primary examiner;

　　iii.  Attorney(s) for individual Plaintiffs in the Actions on matters not covered by Plaintiffs' primary or secondary examiners;

　　iv.  Primary examiner selected by Defendants;

　　v.  Secondary examiner selected by Defendants, if any, on matters not previously covered by Defendants' primary examiner;

　　vi.  Attorney(s) for individual Defendants in the Actions on matters not covered by Defendants' primary or secondary examiners;

21

      vii.   Attorney for the witness if the witness is a non-party, if any; and

     viii.   Any redirect and recross by i-vii above.

  b.  <u>Sequence of Examination – Depositions Taken by Defendants.</u>  Questioning at depositions noticed by Defendants shall be conducted in the following sequence:

      i.   Primary examiner selected by Defendants to conduct the examination;

      ii.   Secondary examiner selected by Defendants, if any, on matters not previously covered by Defendants' primary examiner;

     iii.   Attorney(s) for individual Defendants in the Actions on matters not covered by Defendants' primary or secondary examiners;

     iv.   Primary examiner selected by Plaintiffs;

      v.   Secondary examiner selected by Plaintiffs, if any, on matters not previously covered by the Plaintiffs' primary examiner;

     vi.   Attorney(s) for individual Plaintiffs in the Actions on matters not covered by Plaintiffs' primary or secondary examiners;

     vii.   Attorney for the witness if the witness is a non-party, if any; and

    viii.   Any redirect and recross by i-vii above.

9. **Rulings Concerning Disputes at Depositions**

  a.  <u>Disputes Generally.</u> Disputes arising during depositions that cannot be resolved by agreement, and that if not immediately resolved will significantly disrupt the deposition schedule, would require a rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, may be presented to the Court by telephone if the Court is willing and/or available to hear the Parties on an expedited basis. In the first instance, the Parties are directed to negotiate such disputes in good

faith. In the event agreement cannot be reached after such negotiation, any Party seeking a ruling from the Court shall arrange a telephone conference call with the Court at the Court's earliest convenience. Facilities shall be provided so that counsel attending the deposition and the deposition reporter can hear the proceedings. If the Court's court reporter is not making a record of the call and the Court wants it to be on the record, the deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately. During such proceedings, counsel shall have the opportunity to argue to the Court and the Court will, whenever possible, resolve the dispute during the conference call proceedings.

    i.  In the event the Court is unavailable by telephone to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

    ii.  None of the provisions in this section shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

**10. Correction and Signing Depositions**

    a.  <u>Signature.</u> The transcript of a deposition shall be submitted to the witness for correction and signature within thirty (30) calendar days after the end of the deposition. The deposition may be signed by the witness, and any errata to the deposition may be provided within sixty (60) calendar days after the transcript is

submitted to the witness. If no corrections are made during this time, the transcript will be final and presumed accurate.

**11. Further Stipulations**

    a.  This Joint Stipulation and Order Concerning Deposition Protocol may be modified at any time by agreement of the Parties or by order of the Court.

    b.  Unless otherwise ordered by the Court, depositions taken by any Party pursuant to this Protocol may be made available and used in all Actions for any purpose permitted under the Federal Rules of Civil Procedure. However, nothing in this Protocol is intended to permit the use or admissibility of evidence that would otherwise be inadmissible under the applicable rules of evidence or other evidentiary law or rule.

    c.  Pursuant to Rule 29(a), the recorded video provided in a digital file by Plaintiffs' or Defendants' court reporting vendor may be used as if it were a recording prepared by a certified videographer, and all Parties waive any objections in the Actions based on the authenticity of such digital files.

    d.  An appearance by counsel representing the witness at a remote deposition is a representation that the witness is who he or she claims to be.

    e.  During a remote deposition, the time zone of the witness's location will be the relevant time zone for the deposition.

    f.  Some of the agreements herein may be limited in instances where Parties of record do not control a witness, such as a witness who is a former employee. The Parties will use their best efforts to have non-party witnesses and their counsel comply with the Parties' agreements relating to depositions.

**SO ORDERED, this ___ day of _____, 2024.**

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

Dated:  March 12, 2024

Respectfully submitted,

By: */s/ Benjamin T. Presley*
Jay M. Ezelle
H. Thomas Wells, III
Benjamin T. Presley
Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Tel: (205) 868-6000
Email: jezelle@starneslaw.com
         twells@starneslaw.com
         bpresley@starneslaw.com

*Counsel for all Plaintiffs in the Alaska Air
and JetBlue cases.*


By: */s/ Paul E. Slater*
Paul E. Slater
Joseph M. Vanek
David P. Germaine
Eamon P. Kelly
SPERLING & SLATER, LLC
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel:    (312) 641-3200
Email: pes@sperling-law.com
         jvanek@sperling-law.com
         dgermaine@sperling-law.com
         ekelly@sperling-law.com

By*: /s/ Phillip F. Cramer*
Phillip F. Cramer
SPERLING & SLATER, LLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37203
(312) 641-3200
Fax: (312) 641-6492
Email: pcramer@sperling-law.com

*Counsel for JetBlue Airways Corporation
and JetBlue Airways Group Health
Insurance Plan, The Kraft Heinz
Company, Kraft Heinz Group Benefits
Plan, Kraft Heinz Retiree Group Benefits*

26

*Plan, and North Central States Regional Council of Carpenters' Health Fund*

*Alaska Airlines, Inc.; Alaska Airlines, Inc. Welfare Benefit Plan; Alaska Air Group, Inc. Welfare Benefit Plan; Horizon Air Industries, Inc.; Horizon Air Industries, Inc. Welfare Benefit Plan; Employee Benefit Plan for Employees of Horizon Air Industries, Inc.; Employee Benefit Plan for Full-Time and Part-Time Employees Horizon Air Industries, Inc.; Big Lots, Inc.; Big Lots Associate Benefit Plan; Conagra Brands, Inc.; ConAgra Foods, Inc. Welfare Benefit Wrap Plan; The Federal Express Corporation; FedEx Freight, Inc.; The Federal Express Corporation Group Health Plan; The FedEx Corporation Group Health Plan; FedEx Corporation Retiree Group Health Plan; The Federal Express Corporation Retiree Group Health Plan; The Federal Express Corporation Group Health Plan for Pilots; The Federal Express Corporation Retiree Group Health Plan for Pilots; FedEx Group Health Plan; JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan; Kellogg Company; Kellogg Company Welfare Benefit Plan; Kellogg Company Retiree Welfare Benefit Plan; The Kraft Heinz Company, Kraft Heinz Group Benefits Plan, Kraft Heinz Retiree Group Benefits Plan; McLane Company, Inc. McLane Company, Inc. Welfare Plan; Meijer Inc. including its affiliates Meijer Great Lakes LP, Meijer Stores LP, and Town Total Health LLC; Meijer Health Benefits Plan; North Central States Regional Council of Carpenters' Health Fund; Publix Super Markets, Inc.; Publix Super Markets, Inc. Group Health Benefit Plan; United Natural Foods, Inc., including its affiliates SUPERVALU, INC.. and Unified Grocers, Inc. ("UNFI"); UNFI Health and Welfare*

*Plan; Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund; Ohio Carpenters' Health Fund; SEIU Local 1 & Participating Employers Health Trust; The Local No. 1 Health Fund; Plumbers' Welfare Fund, Local 130, U.A.; The Sheet Metal Workers Local 73 Welfare Fund; Chicago Painters and Decorators Welfare Fund; The Carpenters and Joiners Welfare Fund; Heartland Health & Wellness Fund; GuideStone Financial Resources; GuideStone group Plan; GuideStone Personal Plan; Church Pension Group Services Corporation; General Board of Pension and Health Benefits of the United Methodist Church; Concordia Plan Services; Concordia Health Plan; Portico Benefits Services (the Evangelical Lutheran Church in America's benefit board); Christian Brothers Services (a church plan benefits board created by the Christian Brothers religious order); Christian Brothers Employee Benefit Trust; The Board of Pensions of the Presbyterian Church U.S.A.; The Benefits Plan of the Presbyterian Church (U.S.A.); Employee Benefits Plan of MBM Corporation; and the MBM Corporation*

By: */s/ J. Scott Hickman*
J. Scott Hickman
Eric G. Osborne
SHERRARD ROE VOIGT &
HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
Tel: (615) 742-4200
Fax: (615) 742-4539
Email: shickman@srvhlaw.com
      eosborne@srvhlaw.com

*Counsel for The Kraft Heinz Company, Kraft Heinz Group Benefits Plan, Kraft Heinz Retiree Group Benefits Plan, and*

*North Central States Regional Council of Carpenters' Health Fund*

*Counsel for The Boeing Company; Employee Benefits Plan Committee of The Boeing Company, as the plan administrator and named fiduciary of The Boeing Company Master Welfare Benefit Plan; Bridgestone Americas, Inc.; Bridgestone Americas, Inc. Employee Group Insurance Plan; Bridgestone Americas, Inc. Retiree Medical Plan; CHS/Community Health Systems Inc., sponsor and administrator of the Community Health Systems Group Health Plan; Dollar General Corporation; Dollar General Health Plan (a component of the Dollar General Corporation Employee Benefits Plan); The Federal Express Corporation; FedEx Freight, Inc.; The Federal Express Corporation Group Health Plan; The FedEx Corporation Group Health Plan; FedEx Corporation Retiree Group Health Plan; The Federal Express Corporation Retiree Group Health Plan; The Federal Express Corporation Group Health Plan for Pilots; The Federal Express Corporation Retiree Group Health Plan for Pilots; FedEx Group Health Plan; Tractor Supply Company; Tractor Supply Medical Plan*

By: /s/ Jason A. Zweig
Jason A. Zweig
BARTKO LLP
1 South Wacker Drive
36th Floor
Chicago, IL 60606
Email: jzweig@bartkolaw.com

*Counsel for JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan, McLane Foodservice*

*Distribution, Inc., and Employee Benefits Plan of MBM Corporation*

*Counsel for Alaska Airlines, Inc.; Alaska Airlines, Inc. Welfare Benefit Plan; Alaska Air Group, Inc.; Alaska Air Group, Inc. Welfare Benefit Plan; Horizon Air Industries, Inc.; Horizon Air Industries, Inc. Welfare Benefit Plan; Employee Benefit Plan for Employees of Horizon Air Industries, Inc.; Employee Benefit Plan for Full-Time and Part-Time Employees Horizon Air Industries, Inc.; American Electric Power Service Corporation; American Electric Power System Comprehensive Medical Plan; Big Lots, Inc.; Big Lots Associate Benefit Plan; Burlington Northern Santa Fe LLC (f/k/a Burlington Northern Santa Fe Corp.); Burlington Northern Santa Fe Corporation Group Benefits Plan; Burlington Northern Santa Fe Corporation Welfare Benefit Trust; FedEx Corporation; The Federal Express Corporation; FedEx Freight, Inc.; The Federal Express Corporation Group Health Plan; The FedEx Corporation Group Health Plan; FedEx Corporation Retiree Group Health Plan; The Federal Express Corporation Retiree Group Health Plan; The Federal Express Corporation Group Health Plan for Pilots; The Federal Express Corporation Retiree Group Health Plan for Pilots; FedEx Group Health Plan; McLane Company, Inc.; McLane Company, Inc. Welfare Plan; Employee Benefits Plan of MBM Corporation; and the MBM Corporation*

/s/ William J. Blechman
William J. Blechman
Joshua B. Gray
Elizabeth B. Honkonen
Kenny Nachwalter, P.A.

Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Email:  wjb@knpa.com
　　　　jgray@knpa.com
　　　　ebh@knpa.com

*Counsel for US Foods, Inc.*

*Counsel for Albertsons Companies Inc.;
New Albertsons L.P.; Albertson's LLC;
New Albertson's Inc.; Safeway Inc.;
Albertsons Companies, Inc. Health and
Welfare Plan, f/k/a Albertson's LLC
Health & Welfare Plan; New Albertson's
Inc. Health and Welfare Plan; Hy-Vee
Inc.; Hy-Vee and Affiliates Benefit Plan
and Trust; The Kroger Co.; 84.51 LLC;
Murray's Cheese LLC; The Kroger Co.
Health and Welfare Benefit Plan; 84.51
LLC Health & Welfare Plan; Walgreen
Co.; US Foods Holding Corporation; US
Foods, Inc.; US Foods Health & Welfare
Plan; Walgreen Health and Welfare Plan
(Plan No. 501) f/k/a Walgreen Major
Medical Expense Plan*

*/s/ Jon Corey*
Jon Corey
MCKOOL SMITH, PC
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
(213) 694-1200
Email:  jcorey@mckoolsmith.com

John Briody
James Smith
David Schiefelbein
Daniel Hendler
MCKOOL SMITH, PC
1301 Avenue of the Americas
32nd Floor

New York, New York 10019
(212) 402-9400
jbriody@mckoolsmith.com
jsmith@mckoolsmith.com
dschiefelbein@mckoolsmith.com
dhendler@mckoolsmith.com

Lew LeClair
Gary Cruciani
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
Email:  lleclair@mckoolsmith.com
        gcruciani@mckoolsmith.com

Brenton K. Morris
BENTON, CENTENO & MORRIS, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205)-278-8000
Email:  bmorris@bcattys.com

*Counsel for Bed, Bath & Beyond Inc. now known as 20230930-DK-Butterfly-1, Inc.; Automobile Club of Southern California; Darling Ingredients Inc.; Griffin Industries, LLC; Dillard's, Inc.; Halliburton Energy Services, Inc.; G4S Secure Solutions (USA), Inc.; Kimberly-Clark Corporation; Lincoln National Corporation; Live Nation Entertainment, Inc.; Nestlé USA, Inc.; Perdue Farms Inc.; Pacific Gas and Electric Company; PG&E Corporation; RTX Corporation; Raytheon Company; Rockwell Collins, Inc.; Rite Aid Corporation; Rite Aid Hdqtrs. Corp.; Sterling Jewelers Inc.; Zale Corporation; Zale Delaware, Inc.; Starbucks Corporation; Tyson Foods, Inc.; SRZ Liquidating Trust; Transform Midco LLC; and General Motors LLC*

Dated:  March 12, 2024

Respectfully submitted,

By */s/ David H. Korn*

Karin A. DeMasi
Lauren R. Kennedy
David H. Korn
Lillian S. Grossbard
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com
lgrossbard@cravath.com

*Lead Counsel for the Blue Cross Blue
Shield System; Counsel for Defendants
Blue Cross Blue Shield Association; Blue
Cross and Blue Shield of Alabama; Blue
Cross and Blue Shield of Arizona, Inc.;
GuideWell Mutual Holding Corporation;
Blue Cross and Blue Shield of Florida,
Inc.; Blue Cross and Blue Shield of
Kansas City; Blue Cross and Blue Shield
of Massachusetts, Inc.; Blue Cross and
Blue Shield of North Carolina; BlueCross
BlueShield of South Carolina; BlueCross
BlueShield of Tennessee, Inc.; Blue Cross
Blue Shield of Wyoming; Capital Blue
Cross; California Physicians' Service
d/b/a Blue Shield of California;
CareFirst, Inc.; CareFirst of Maryland,
Inc.; Group Hospitalization and Medical
Services, Inc.; CareFirst BlueChoice,
Inc.; Hawaii Medical Service Association
(Blue Cross and Blue Shield of Hawaii);
Health Care Service Corporation, an
Illinois Mutual Legal Reserve Company,
including its divisions Blue Cross and
Blue Shield of Illinois, Blue Cross and
Blue Shield of Texas, Blue Cross and Blue*

*Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation; Triple-S Salud, Inc.*

Craig A. Hoover
E. Desmond Hogan
Justin Bernick
Elizabeth Jose
W. David Maxwell
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC  20004
Tel: (202) 637-5600
Fax: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
elizabeth.jose@hoganlovells.com
david.maxwell@hoganlovells.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of*

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF &
BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL  35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Arizona, Inc.; Blue Cross and Blue Shield of Kansas City; BlueCross BlueShield of South Carolina; Blue Cross and Blue Shield of Wyoming; Capital Blue Cross; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for*

*Oregon*

John D. Martin
Lucile H. Cohen
Travis A. Bustamante
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC  29201
Tel: (803) 255-9421
Fax: (803) 256-7500
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com
travis.bustamante@nelsonmullins.com

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon; Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc; Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross*

*Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; California Physicians' Service d/b/a Blue Shield of California; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii)*

Carl S. Burkhalter
MAYNARD NEXSEN PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL  35203
Tel: (205) 254-1000
Fax: (205) 254-1999
cburkhalter@maynardnexsen.com

Pamela B. Slate
HILL CARTER FRANCO COLE &
BLACK, P.C.
425 South Perry Street
Montgomery, AL  36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle

*and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendants Premera Blue Cross, d/b/a Premera Blue Cross Blue Shield of Alaska*

Brian K. Norman

Chicago, IL  60654
Tel: (312) 862-2000
Fax: (312) 862-2200
jzeiger@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Highmark Western and Northeastern New York Inc. (except with respect to claims by Rite Aid Corporation and its affiliates and Bed, Bath & Beyond Inc. now known as 20230930-DK-Butterfly-1, Inc. and its affiliates, and discovery to RTX Corporation and its affiliates and General Motors Company and its affiliates)*

Jonathan M. Redgrave
REDGRAVE, LLP
4800 Westfields Blvd, Suite 250
Chantilly, VA  20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark Defendants and California Physicians' Service d/b/a Blue Shield of*

SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX  75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL  36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

*Counsel for Defendants CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.*

M. Patrick McDowell
Norman E. "Benje" Bailey, Jr.
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS  39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE
COMPANY
P.O. Box 1043
Jackson, MS  39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*California*

Todd M. Stenerson
Brian C. Hauser
SHEARMAN & STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC  20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@shearman.com
brian.hauser@shearman.com

Rachel Mossman Zieminski
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@shearman.com

Sarah L. Cylkowski
Thomas J. Rheaume, Jr.
BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field
Detroit, MI  48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
trheaume@bodmanlaw.com

Andy P. Campbell
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL PARTNERS LLC
505 North 20th Street, Suite 1600
Birmingham, AL  35203
Tel: (205) 224-0750
Fax: (205) 224-8622
andy@campbellpartnerslaw.com

*Counsel for Defendant Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company*

Alan D. Rutenberg
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC  20007
Tel: (202) 672-5491
arutenberg@foley.com

Diane R. Hazel
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO  80202
Tel: (720) 437-2034
dhazel@foley.com

Ryan M. Hodinka
BALCH & BINGHAM, LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3464
Fax: (205) 488-5848
rhodinka@balch.com

*Counsel for Defendant USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield and as Blue Advantage Administrators of Arkansas*

Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL  35209
Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield*

todd@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Michigan; Blue Cross and Blue Shield of Vermont*

John DeQ. Briggs
Jeny M. Maier
Kenina J. Lee
AXINN, VELTROP & HARKRIDER, LLP
1901 L Street, N.W.
Washington, DC  20036
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
jmaier@axinn.com
klee@axinn.com

Kail J. Jethmalani
Victoria J. Lu
AXINN, VELTROP & HARKRIDER, LLP
114 W 47th Street
New York, NY 10036
Tel: (212) 728-2200
Fax: (212) 728-2201
kjethmalani@axinn.com
vlu@axinn.com

Stephen A. Rowe
Aaron G. McLeod
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Tel: (205) 250-5080
Fax: (205) 250-5034

*of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY  14203
Tel: (716) 847-8400
Fax: (716) 852-6100
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com

*Counsel for Defendants Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield and Lifetime Healthcare, Inc.*

steve.rowe@arlaw.com
aaron.mcleod@arlaw.com

*Counsel for Defendants Independence Hospital Indemnity Plan, Inc. f/k/a Independence Blue Cross; Independence Health Group, Inc.*

Kathleen Taylor Sooy
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
troman@crowell.com

Sarah Gilbert
Honor Costello
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Tel: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com
hcostello@crowell.com

John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL  35203
Tel: (205) 581-0700
Fax: (205) 581-0799
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Nebraska; GoodLife Partners, Inc.; Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross Blue Shield of North Dakota*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of March, 2024, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Counsel of record.

*/s/ Benjamin T. Presley*
Benjamin T. Presley