FILED
2026 Jul-31 PM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| Alaska Air Group, Inc., *et al.*,<br>Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>Defendants. | No. 2:21-cv-01209-AMM |
| JetBlue Airways Corporation, *et al.*,<br>Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>Defendants. | No. 2:22-cv-00558-AMM |
| Bed Bath & Beyond Inc., now known as 20230930-DK-Butterfly-1, Inc., *et al.*,<br>Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>Defendants. | No. 2:22-cv-01256-AMM<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' STATUTE OF LIMITATIONS AFFIRMATIVE DEFENSE**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................1

DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF PURPORTED UNDISPUTED MATERIAL FACTS ...............................................3

STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS ............13

ARGUMENT ........................................................................................13

I. PLAINTIFFS CANNOT PURSUE DAMAGES FOR CLAIMS THAT ACCRUED BEFORE NOVEMBER 2, 2016. ..................................13

A. To Avoid Summary Judgment, Plaintiffs Must Show They Were Asserted Members of the Class in the *Cerven* Complaint. .......14

B. As Every Prior Court Has Held, Plaintiffs Were Not Asserted Members of the *Cerven* Classes. ..............................................16

1. Courts Uniformly Have Concluded That ASOs Were Not Asserted Members of a *Cerven* Complaint Class. ....................16

2. Plaintiffs Cannot Claim Tolling Based on the Injunctive Class in the *Cerven* Complaint. ................................................19

C. Plaintiffs' "Extrinsic Evidence" Does Not Change the Result. ..........22

1. Statements by Putative Class Counsel Do Not Define the *Cerven* Class. ..................................................................24

2. Defendants' Statements and MDL Filings Do Not Define the *Cerven* Class. .................................................................24

3. Mediation and Settlement Negotiations Do Not Define the *Cerven* Class. .................................................................27

D. Judicial Estoppel Does Not Apply. ....................................................28

II. PLAINTIFFS HAVE ABANDONED ANY ARGUMENT THAT PRE-COMPLAINT MEDIATION TOLLED THE STATUTE OF LIMITATIONS....................30

CONCLUSION....................30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) ................................2, 14, 15

*Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544 (11th Cir. 1990) ..........................................................................................15

*Chancellor v. Coca-Cola Enters., Inc.*, No. 08CV65, 2008 WL 3307131 (S.D. Ohio Aug. 7, 2008)......................................................................20

*Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113 (11th Cir. 2004) ..................18

*DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091 (9th Cir. 2024) ...........................22

*DeGeer v. Union Pac. R.R. Co.*, 113 F.4th 1035 (8th Cir. 2024)............................22

*Dotson v. United States*, 30 F.4th 1259 (11th Cir. 2022) .......................................28

*Friedland v. City of New York*, No. 24CV7064, 2025 WL 2733359 (S.D.N.Y. Sep. 25, 2025)......................................................................22

*Health All. Plan v. Blue Cross Blue Shield of Mich. Mut. Ins.*, No. 14-13788, 2017 WL 1209099 (E.D. Mich. Mar. 31, 2017).....................................20

*In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070 (11th Cir. 2023)..............................................................1, 17, 21, 22

*In re Indep. Serv. Orgs. Antitrust Litig.*, No. CIV. A. MDL-1021, 1997 WL 161940 (D. Kan. Mar. 12, 1997) ..................................................20

*In re Jones*, 381 B.R. 555 (Bankr. M.D. Fla. 2007) ...............................................29

*In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, No. MC 20-00008, 2021 WL 1909777 (D.D.C. May 12, 2021)............................................15

*In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, No. 22-CV-02587, 2023 WL 4105105 (D.D.C. June 21, 2023)............................................19

*Miles v. City of Birmingham*, 398 F. Supp.3d 1163 (N.D. Ala. 2019) ....................29

*MSP Recovery Claims, Series LLC v. Fresenius Med. Care Holdings, Inc.*, 131 F.4th 51 (1st Cir. 2025)....................15

*New Hampshire v. Maine*, 532 U.S. 742 (2001)....................28

*Olukayode v. City of New York*, No. 25 Civ. 1232, 2026 WL 1661386 (S.D.N.Y. June 9, 2026)....................22

*Raie v. Cheminova, Inc.*, 336 F.3d 1278 (11th Cir. 2003)....................20

*Raziano v. United States*, 999 F.2d 1539 (11th Cir. 1993)....................28

*Rd. Sprinkler Fitters Loc. Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563 (11th Cir. 1994)....................30

*Seven Stars on the Hudson Corp. v. MDG Powerline Holdings, LLC*, 2022 WL 10046439 (S.D. Fla. Oct. 17, 2022)....................30

*Smith v. Pennington*, 352 F.3d 884 (4th Cir. 2003)....................22, 23

*Spagnoli v. Medtronic Minimed, Inc.*, No. 07-22871-CIV, 2009 WL 10669108 (S.D. Fla. Mar. 10, 2009)....................28

*Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735 (7th Cir. 2018)....................14

*Todorov v. DCH Healthcare Auth.*, 921 F.2d 1438 (11th Cir. 1991)....................19

*United States v. Munoz*, 112 F.4th 923 (11th Cir. 2024)....................28, 29

*Zaragoza v. Union Pac. R.R. Co.*, 112 F.4th 313 (5th Cir. 2024)....................22

**Statutes & Rules**

15 U.S.C. § 15b....................2

## CITATIONS

| Citation | Reference |
|---|---|
| Def. | Defendants' Opening Brief in Support of Their Motion for Partial Summary Judgment Based on the Statute of Limitations (Dkt. 750) ("Opening Brief") |
| Facts | Defendants' Opening Brief's Statement of Undisputed Material Facts |
| Opp. | Plaintiffs' Motion and Supporting Brief for Summary Judgment on Defendants' Statute of Limitations Affirmative Defense and Response to Defendants' Motion for Partial Summary Judgment Based on the Statute of Limitations (Dkt. 759) |
| PSOF | Plaintiffs' Initial Statement of Purported Undisputed Material Facts on the Motion and Supporting Brief for Summary Judgment on Defendants' Statute of Limitations Affirmative Defense and Response to Defendants' Motion for Partial Summary Judgment Based on the Statute of Limitations |
| MDL | *In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406, No. 2:13-cv-20000 (N.D. Ala.) |
| *Alaska Air* | *Alaska Air Grp., Inc. v. Anthem, Inc.*, No. 2:21-cv-01209-AMM (N.D. Ala. 2022) ("*Alaska Air*")[1] |

[1] For the Court's convenience, Defendants cite to the docket associated with *Alaska Air*, No. 2:21-cv-01209-AMM only; however, the Motion is applicable to the *JetBlue Airways Corp. v. Anthem, Inc.*, No. 2:22-cv-00558-AMM (N.D. Ala.) and *Bed Bath & Beyond, Inc. v. Anthem, Inc.*, No. 2:22-cv-01256-AMM (N.D. Ala.) actions as well.

| **Citation** | **Reference** |
|---|---|
| *Cerven* | *Cerven v. Blue Cross Blue Shield of N.C.*, No. 5:12-cv-0017 (W.D.N.C. 2012) |
| *Prime* Order | *VHS Liquidating Tr. v. Blue Cross of Cal.*, No. RG21-106600, slip op. (Cal. Super. Ct. June 1, 2022) |
| *Ford* Order | *Ford Motor Co. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*, No. 23-11286, 2024 WL 1396264 (E.D. Mich. Mar. 30, 2024) |

## PRELIMINARY STATEMENT

Every court to consider the question has concluded that the *Cerven* Complaint excluded ASOs from its asserted classes. In this action, Judge Proctor ruled that "under a fair reading of the *Cerven* complaint, ASOs are excluded from both the damages and the injunction classes." (Order, *Alaska Air* Dkt. 268 at 7; *see also* Order, *Alaska Air* Dkt. 435 at 9.) Before that, in approving the MDL Subscriber Settlement, Judge Proctor held that "ASOs cannot get the benefit of the *Cerven* filing date" because "the *Cerven* complaint plainly did not contemplate ASOs being part of that case or the relevant class." MDL Dkt. 2931 at 61.

The Eleventh Circuit similarly concluded that "self-funded accounts were not included in the damages or injunctive classes." *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070, 1097–98 (11th Cir. 2023). The California Superior Court ruled that *Cerven* did not include ASO claims. *Prime* Order at 17–18. And, most recently, the Eastern District of Michigan held that *Cerven*'s "proposed class definition sought to include only those who purchased 'full-service' commercial health insurance, not 'administrative services only' products," such that the plaintiff's "ASO claims were not included in the class definition for which it seeks tolling." *Ford* Order at *9.

Consistent with these decisions, Defendants seek summary judgment on all ASO claims based on alleged injuries occurring before November 2, 2016—four

years before ASOs first became Subscriber Class members. Plaintiffs' alleged injuries accruing before that date are barred under 15 U.S.C. § 15b.

To avoid that result, Plaintiffs must prove that they were "asserted members of the class" alleged in an earlier complaint. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). But they concede that the classes alleged in the 2012 *Cerven* Complaint remained unchanged until November 2020 when the Fourth Amended Complaint was filed, and that they were never members of the *Cerven* damages class. (Opp. 3 n.1, 16–17.) That leaves them with one argument: that they were included in the *Cerven* injunctive class and therefore may seek damages dating back to 2008. They were not and they may not. (*Infra* Section I.A.)

Plaintiffs were not asserted members of either *Cerven* class. As previewed above, courts uniformly have concluded that the *Cerven* Complaint did not include ASOs. So, even if Plaintiffs' damages claims could be tolled by inclusion in *Cerven*'s injunctive class (and they cannot), they were not actually members of that class. (*Infra* Section I.B.)

Plaintiffs' arguments against that result are unavailing. They point to so-called "extrinsic evidence" regarding Defendants' purported notice of their claims to argue that *American Pipe* tolled their claims in 2012 and statements by Defendants in the MDL to argue that Defendants should be judicially estopped from making this motion. But this Court already has considered the same

arguments based on much of the same evidence and found them unpersuasive. (*Infra* Section I.C.) And no statement Defendants have made in this case or in the MDL gives rise to judicial estoppel. (*Infra* Section I.D.)

Plaintiffs' sole argument for tolling is that *Cerven* tolled their claims. They do not argue for tolling based on any date or event after the filing of the *Cerven* Complaint, including during mediation discussions. Therefore, if any such arguments were available to Plaintiffs, they are now abandoned. (*Infra* Section II.)

This Court should therefore reaffirm that ASOs were not asserted members of either *Cerven* class, and hold that Plaintiffs' claims for damages accruing before November 2, 2016 are barred by the statute of limitations.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF PURPORTED UNDISPUTED MATERIAL FACTS**

Defendants hereby identify which facts are disputed for purposes of these motions. However, as explained below, Plaintiffs have not created any disputes as to ***material*** facts that could preclude the entry of summary judgment in favor of Defendants. (*See infra* Sections I.B, I.C.)

1. Undisputed. (*See* Facts ¶ 1.)

2. Disputed. The *Cerven* Complaint expressly distinguished fully-insured from self-funded products (Facts ¶¶ 4–5), and alleged a relevant market limited to "the sale of full-service commercial health insurance products to

individuals and small groups," "as distinct from the large group health insurance product market" (*Cerven* Dkt. 1 ¶¶ 124, 131).

3. Disputed. Plaintiffs' claims and certain MDL claims "involve[] common questions of fact—and ***numerous identical*** fact allegations" (*Alaska Air* Dkt. 755-28 at 1), but that is because the conduct at issue is the same; questions and facts related to ASOs and large groups are neither common nor identical.

4. Disputed. The cited order describes these actions as "subsequent, nearly identical litigation"—but again, not with respect to ASOs and large groups. *Alaska Air* Dkt. 401 at 4.

5. Undisputed.

6. Disputed as incomplete. The *Cerven* Complaint described Defendants as "[h]ealth insurance plans operating under the Blue Cross and Blue Shield trademarks and trade names [that] provide health insurance coverage for approximately 100 million – or one in three – Americans." (*Cerven* Dkt. 1 ¶ 15.) But this allegation was not incorporated into or otherwise related to the proposed class definitions, which did not include every subscriber to a Blue Plan. (*See id.* ¶¶ 20–22.) David Boies, Co-Lead Subscriber Class Counsel, expressly rejected the assertion that he sought to certify a "huge class of a hundred million people"; "the class I'm actually pursuing is much smaller." (MDL Dkt. 2865 at II-155:3–16.)

7. Disputed. The cited documents described the MDL litigations as "extraordinary cases—possibly the largest class actions ever pursued, affecting up to 100 million Americans" (*Alaska Air* Dkt. 755-9 at 1) and stated: "The relief sought by the alleged injunctive class has nationwide implications that could impact every Blue subscriber, big and small—including ASO members. This is why Defendants subpoenaed (and the Court allowed) discovery from the ASO subscribers in the initial wave" (*Alaska Air* Dkt. 755-45 at 6 (emphasis omitted)). As Judge Proctor explained, stating that relief could *affect* or *impact* ASOs "is a far cry from stating that they were putative class members." (Order, *Alaska Air* Dkt. 435 at 10; *see also Alaska Air* Dkt. 486 at 71:22–72:5.)

8. Disputed as incomplete. The quoted statement was made in the context of Defendants' request for discovery of nonparty subscribers about "the potential procompetitive benefits of the Blue System" (MDL Dkt. 602 at 18) because, "although most of our business is national accounts, large accounts, there's not a single named plaintiff that would fall into that category" (MDL Dkt. 604 at 61:13–16, 62:22–63:2.). Judge Proctor previously rejected Plaintiffs' argument that references to "a hundred million" meant ASOs were included in the *Cerven* Complaint. (MDL Dkt. 2865 at II-156:1–158:18.)

9. Disputed. The *Cerven* Complaint's class definitions did not include 100 million Americans, or any self-funded or large-group subscribers. (*Supra* ¶¶ 6,

8.) The cited testimony and business documents do not mention the *Cerven* Complaint or provide the meaning of its terms and allegations. (*Infra* ¶¶ 11-13.)

10. Disputed. (*Supra* ¶¶ 6, 9.)

11. Disputed as mischaracterizing the cited testimony, and as wrongly suggesting that the cited witnesses interpreted the terms "insured" and "health insurance" as used in the *Cerven* Complaint. Judge Proctor has held that language excludes ASOs. (*See* Order, *Alaska Air* Dkt. 435 at 9.)

12. Disputed as mischaracterizing the cited documents, and as wrongly suggesting that they provide the meaning of the terms "insureds" and "insurance" as those terms are used in the *Cerven* Complaint. (*Supra* ¶ 11.)

13. Disputed. The cited document defines "Commercial Health Insurance" as "primary medical insurance, *related* administrative services, or any other mechanism for financing health care costs[.]" (*Alaska Air* Dkt. 755-7 at 2 (emphasis added).) That definition referred to fully-insured products, which include the provision of administrative services—not ASO products, which provide administrative services only, a distinction the *Cerven* Complaint recognized. (Facts ¶ 4.)

14. Disputed. The quoted language is a portion of a general objection in various Defendants' Answers & Objections to Subscriber Plaintiffs' Request for Admission. Neither it nor any other discovery document from the MDL shows

how Defendants interpreted "Commercial Health Insurance" throughout the MDL or that they understood the *Cerven* class definitions to include ASOs. MDL parties took discovery of all market participants in the MDL, including nonparties, because, as Subscriber Class Counsel explained, their complaint "distinguished the ASOs from the fully insured," so Subscriber Plaintiffs "had to do discovery about what those different markets were and how the competitive restraints affected each of those markets." (MDL Dkt. 2865 at II-114:14–17.) That included discovery of ASO accounts, even though they were not class members. (*See* MDL Dkt. 641 at 1-2 (agreeing that ASOs "from whom [Defendants] seek discovery are not 'absent class members.'").) Judge Proctor has explained that Defendants' discovery documents from the MDL are not material. (*See Alaska Air* Dkt. 766-26 at 42:25–43:2 ("[redacted]"); *see also Ford* Order at *9 ("[Plaintiff's] argument that conduct during discovery shows that litigation contemplated ASO claims is unconvincing.").)

15. Disputed as incomplete. Defendants' 2013 motion to dismiss argued that the class definition "greatly exceed[ed] the scope of their product market" because it included "both large and small groups that self-insure." (*Alaska Air* Dkt. 755-4 at 49.) Subscriber Plaintiffs responded that the relevant product was "the sale of full-service commercial health insurance products to individuals and

small groups" (MDL Dkt. 153 at 55 (quotation omitted)), confirming that the alleged class did not include ASOs. The Court accepted Subscriber Plaintiffs' arguments and denied the motion. (*See* MDL Dkt. 204.)[2]

16. Disputed as incomplete. (*See supra* ¶ 7; *infra* ¶ 19.)

17. Disputed. (*See supra* ¶ 7.)

18. Disputed as incomplete. (*Supra* ¶ 14.)

19. Disputed as incomplete. (*Supra* ¶¶ 7, 16; *see also id.* ¶ 14.)

20. Disputed. (*Supra* ¶ 14.)

21. Disputed as incomplete. (*Supra* ¶ 14.)

22. Disputed. (*Supra* ¶ 14.)

23. Disputed. Boies, as Subscriber Class Counsel, consistently stated that the injunctive class did not include ASOs. (Facts ¶¶ 14-16). This Court repeatedly has credited Boies's "analysis of why ASOs were not included in our complaint to start with." (Order, *Alaska Air* Dkt. 435 at 11–12; *see also, e.g.*, *Alaska Air* Dkt. 766-26 at 35:25-36:3 [redacted].)

[2] As for defense counsel's statement (PSOF ¶ 15 n.2), this Court has explained that counsel was stating that Defendants initially believed "ASOs might be" included but were "categorically told by Plaintiffs" that the complaint "does *not* include ASOs," which "were categorically, from 2013 into November 2020, not in the MDL." (Order, *Alaska Air* Dkt. 435 at 9–10.)

24. Disputed. The cited evidence does not state whether the recipient is a self-insured or fully-insured subscriber, and class counsel did not represent that the recipient was in fact a member of the putative class. (*See supra* ¶ 23.)

25. Disputed. (*Supra* ¶ 14.)

26. Disputed. Dollar General purchased fully-insured products from Blue Plans during the relevant time period (*see* Dollar General Dep., *Alaska Air* Dkt. 768-01 at 66:5–67:11), and Boies maintained throughout the MDL that large groups were not class members (*see, e.g.*, MDL Dkt. 2865 at I-14:16–18 ("[O]ur complaint was limited not merely to fully insured plans, but was limited to individuals and small groups so that it was absolutely clear that ASOs were not included.").) Regardless, Dollar General's status as a class member was not relevant to Defendants' motion for summary judgment on the applicable standard of review, which the Court denied. (*See* MDL Dkt. 2063.)

27. Disputed. The cited expert report, prepared by an independent consultant for an unrelated litigation involving a single Blue Plan, does not state a basis for the expert's opinions about the Subscriber Class or suggest any Defendant "advised" him about the class definition. (*See Alaska Air* Dkt. 755-24 at 1–5.)

28. Disputed to the extent it suggests that deposition witnesses' impressions of the MDL inform the class definition. (*See supra* ¶¶ 9-11, 14.) The

witness also could not "[redacted]." (*Alaska Air* Dkt. 766-25 at 220:11–18.)

29. Disputed. The cited document, submitted by a Blue Plan's Finance Risk Manager, does not consider the class definition.

30. Disputed as incomplete. The cited document states that Subscriber Plaintiffs and Defendants executed a settlement agreement resolving claims asserted in the Fourth Amended Complaint in 2020, and it identifies opt-outs including the *Alaska Air* Plaintiffs, without suggesting ASOs were part of any pleaded class before that complaint. (*Alaska Air* Dkt. 755-31 ¶¶ 67, 74–75.)

31. Disputed as incomplete. The cited document was filed in March 2023, *after* the Fourth Amended Complaint, by which point the "Subscriber Track" included self-funded plans. (*Alaska Air* Dkt. 755-30 at 1.)

32. Disputed. (*See supra* ¶¶ 23–26; Facts ¶¶ 13–16.)

33. Disputed. Subscriber Class Counsel insisted that ASOs were not class members until the Fourth Amended Complaint was filed. (Facts ¶¶ 13–16.)

34. Disputed. ASOs participated in mediation but they were not "class members." As Judge Proctor explained, "[redacted]" but Defendants "[redacted]" (*Alaska Air* Dkt. 766-26 at 32:12–18; *see also supra* ¶ 14.)

35. Disputed. In the cited document, an attorney for Cigna testified that [redacted] (*Alaska Air* Dkt. 766-15 at 202–03). The deponent did not testify that ASOs participated in mediation as class members or otherwise.

36. Disputed. This Court has held that the mediation negotiations are privileged. (*See* Order, *Alaska Air* Dkt. 496 at 7 (denying Plaintiffs' motion to compel because "all discovery regarding demands asserted and offers made [for ASO relief] would be shielded by the mediation privilege").)

37. Undisputed.

38. Disputed as incomplete. ASOs were not members of the alleged classes before the Fourth Amended Complaint. (Facts ¶ 12.) But Defendants recognized that nonparty ASOs might allege "[redacted]" to Subscriber Plaintiffs, and Mr. Burns represented nonparty ASO interests during mediation to pursue "[redacted]" (*Alaska Air* Dkt. 766-26 at 32.)

39. Disputed. Mr. Burns did not represent ASOs as class members in 2019. As Judge Proctor noted during the Subscriber Settlement Approval hearing, "seeking to represent ASOs . . . was never the intent of class counsel . . . up until the time the subclass was alleged in the [Fourth] [A]mended [C]omplaint." (MDL Dkt. 2865 at I-16:12–14.)

40. Disputed. Subscriber Class Counsel insisted that ASOs were not part of the class. (*See* Facts ¶¶ 13–16; *see also* MDL Dkt. 2865 at I-14:13-24 ("Throughout the litigation, we made clear that it was only the fully insured. . . . I don't think that you can in any way fairly read either the actual text of the complaint itself or the conduct of this litigation as including the ASOs.").)

41. Disputed. Boies explained that Subscriber Class Counsel "started off representing only a much narrower class," but took "discovery that related to the entire market," including ASOs, because "in our complaint, we distinguished the ASOs from the fully insured. And so we had to do discovery about what those different markets were[.]" (MDL Dkt. 2865 at II-114:1–2, 14–16.)

42. Disputed. Second Blue Bid[3] was a "compromise" provision of the Subscriber Class Settlement that was "heavily and aggressively . . . negotiated." (MDL Dkt. 2865 at I-23:15–25.) Subscriber Class Counsel explained that "ASOs with more than 5,000 employees and the greatest dispersion" were included to increase the "impact of the second Blue bids." (MDL Dkt. 2865 at I-24:5–8.)

43. Disputed. Subscriber Plaintiffs' expert, Dr. Rubinfeld, was retained by Settlement Class Counsel, and he opined on "the potential economic impact of

---

[3] Plaintiffs' reliance on Second Blue Bid is improper and should be disregarded. (*See* Order, *Alaska Air* Dkt. 754.)

structural and other injunctive relief set forth in their proposed Settlement Agreement" on the "marketplace" as a whole. (MDL Dkt. 2610-10, Ex. I, at 2, 3.)

44. Disputed. The metadata shows only when the presentation was created. It does not show when the negotiations began or resulted in an agreement.

## STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

Defendants refer to the Relevant Undisputed Material Facts, Paragraphs 1 through 21, from their June 4, 2026 Opening Brief. (*Alaska Air* Dkt. 750.)

## ARGUMENT

### I. PLAINTIFFS CANNOT PURSUE DAMAGES FOR CLAIMS THAT ACCRUED BEFORE NOVEMBER 2, 2016.

Defendants are entitled to summary judgment unless Plaintiffs can establish that they were asserted members of the class in the *Cerven* Complaint. (*Infra* Section I.A.) But, as every court to consider the question has concluded, *Cerven* did not include ASOs. (*Infra* Section I.B.) Plaintiffs' extrinsic evidence purportedly showing that *Cerven* put Defendants on notice of ASO claims is irrelevant to the *American Pipe* analysis. Even if it were relevant, it does not show ASOs were asserted members of the *Cerven* Complaint. (*Infra* Section I.C.) Defendants are not judicially estopped from asserting these arguments, which are consistent with their prior positions in this litigation. (*Infra* Section I.D.)

### A. To Avoid Summary Judgment, Plaintiffs Must Show They Were Asserted Members of the Class in the *Cerven* Complaint.

*American Pipe* establishes a brightline test for determining whether a statute of limitations tolls plaintiffs' claims: the plaintiffs must show they were "asserted members of the class" in a previously filed class action complaint. 414 U.S. at 554; (*see* Def. 10–11 (collecting authorities)). That test is textual: the complaint itself determines whether a plaintiff was an asserted member of the class. *See, e.g.*, *Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 742 (7th Cir. 2018) (*American Pipe* tolling was not available "because the plaintiffs named in the amended complaint were not 'asserted members of the class' defined in the original complaint and their claims were not encompassed by the original suit."). Plaintiffs do not distinguish the cases cited in Defendants' Opening Brief that set forth this straightforward test. (*See* Def. 10–11.) Instead, Plaintiffs make two mistaken arguments about the applicable standard.

*First*, Plaintiffs argue that the "critical issue" is "notice," and that "a class complaint tolls the statute of limitations if it notifies defendants 'of the substantive claims being brought against them.'" (Opp. 16, 17 (quoting *Am. Pipe*, 414 U.S. at 555).) This misreads *American Pipe* because it conflates the reasoning in that case for the brightline rule it adopted. *American Pipe* discussed "notice" in explaining why some tolling for some claims should exist, but the Court adopted a brightline

rule for *whose claims* were tolled: "*the rule . . . must be* that the commencement of a class action suspends the applicable statute of limitations as to *all asserted members of the class*." 414 U.S. at 554 (emphases added). The rationale behind the rule is that it serves "[t]he policies of ensuring essential fairness to defendants and of barring a plaintiff who has 'slept on his rights'" because the class complaint provides defendants with notice not only of the substantive claims asserted, "but also of the number and generic identities" of who may participate in its judgment. *Id.* at 554-55. In other words, *American Pipe* achieves fairness by limiting tolling to plaintiffs within the class asserted in the prior complaint.

*Second*, Plaintiffs argue that it is Defendants' burden to prove that Plaintiffs were not asserted class members in *Cerven*. (Opp. 23.) That is wrong because, "[o]nce a defendant shows that the applicable statute of limitations bars the claim"—as Defendants have done for the four-year statute of limitations at issue here—"the burden shifts to the plaintiff to demonstrate that an exception or tolling provision applies." *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990). Thus, "[u]ltimately, [the plaintiff] bears the burden of establishing its entitlement to tolling under the doctrine of *American Pipe*." *MSP Recovery Claims, Series LLC v. Fresenius Med. Care Holdings, Inc.*, 131 F.4th 51, 59 (1st Cir. 2025); *see also In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, No. MC 20-00008, 2021 WL 1909777, at *9 (D.D.C. May 12, 2021) (same).

Therefore, the standard is clear: Plaintiffs bear the burden of proving that they were asserted members of a previously pleaded class. The *Cerven* Complaint is the only complaint that Plaintiffs identify as relevant to that analysis. (*E.g.*, Opp. 1–2, 3 n.1, 15, 17.) Thus, for this motion, it is Plaintiffs' burden to create a dispute of material fact as to whether they were asserted class members in the *Cerven* Complaint. As explained below, and consistent with the decisions of all four courts to have addressed the issue, Plaintiffs have not done so.

**B. As Every Prior Court Has Held, Plaintiffs Were Not Asserted Members of the *Cerven* Classes.**

Plaintiffs argue that their claims were tolled in 2012 because they were members of the injunctive class in *Cerven*. This argument fails. *First*, every court to consider this issue has concluded that ASOs were *not* part of a class in *Cerven*. *Second*, Plaintiffs concede they were not members of the damages class, and, while it is clear from the Complaint that Plaintiffs were not members of the injunctive class, their damages claims would not be tolled even if they were.

1. <u>Courts Uniformly Have Concluded That ASOs Were Not Asserted Members of a *Cerven* Complaint Class.</u>

In its final order approving the Subscriber Settlement, the MDL Court found that "[t]he *Cerven* complaint plainly did not contemplate ASOs being part of that case." (MDL Dkt. 2931 at 61.) Consistent with that ruling, Judge Proctor repeatedly rejected Plaintiffs' arguments in this action that *Cerven* included ASO

claims. For example, at the motion to dismiss stage, the Court concluded that "under a fair reading of the *Cerven* complaint, ASOs are excluded from both the proposed damages and the injunction classes." (Order, *Alaska Air* Dkt. 268 at 7.) In a discovery ruling, the Court reiterated that "the early complaints filed in the MDL cases, *e.g.*, *Cerven* (Case No. 2:12-cv-04169-RDP), did not toll the statute of limitations for the ASO Plaintiffs in these opt-out cases." (Order, *Alaska Air* Dkt. 435 at 7; *see also* MDL Dkt. 2865 at II-157 (same); *Alaska Air* Dkt. 766-26 at 35–36 (same); *Alaska Air* Dkt. 578 at 50–51 (same).)

In an appeal from the MDL Court's order approving the Subscriber Settlement, the Eleventh Circuit confirmed that ASOs were not included in the *Cerven* Complaint. It explained that "the injunctive class definition does not clearly include self-funded accounts" and that "[o]ther parts of the *Cerven* complaint confirm that self-funded accounts were not included in the damages or injunctive classes." *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th at 1097–98. As a result, "the complaint did not put Blue Cross on notice that the self-funded claimants would seek damages, and the complaint did not challenge anticompetitive conduct in the self-funded market." *Id.* at 1098.

Plaintiffs attempt to distinguish the Eleventh Circuit's holding because it arose in the context of Rule 15(c) relation back. (Opp. 28–30.) But Plaintiffs identify no authority suggesting that a complaint can exclude ASOs for Rule 15(c)

purposes while including them for *American Pipe* purposes. Both doctrines turn on whether the complaint provided notice of the claims and potential claimants at issue. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132–33 (11th Cir. 2004). The Eleventh Circuit's conclusion that the *Cerven* Complaint did not provide notice of ASO claims therefore confirms that ASOs were not asserted members of the class for *American Pipe* purposes.

In *VHS Liquidating Trust v. Blue Cross of California*, the California Superior Court also concluded that the *Cerven* Complaint did not toll ASO claims because it "did not put any defendant on notice of Administrative Services Only ('ASO') claims[.]" *Prime* Order at *23.

Most recently, in *Ford Motor Co. v. Blue Cross Blue Shield of Michigan Mutual Insurance Co.*, the Eastern District of Michigan concluded that ASO claims "cannot benefit from *American Pipe* tolling" because the *Cerven* Complaint "sought to include only those who purchased 'full-service' commercial health insurance, and not 'administrative services only' products." *Ford* Order at *9. The *Ford* court rejected the plaintiff's reliance on extrinsic evidence as "unconvincing" and without "any legal support,"[4] agreeing with the MDL Court

[4] Plaintiffs argue that *Ford* addressed only the damages class. (Opp. 27–28.) Although the *Ford* court defined the *Cerven* class by reference to the damages class, its analysis went on to address the Complaint's distinction between fully-insured products and ASO products for the relevant product market, which applied to both classes. *Ford* Order at *9. The plaintiff there also argued, just as Plaintiffs do, that the *Cerven* injunctive class included ASOs. *See* Opposition Brief of

that "[t]he *Cerven* complaint simply gave no notice to Defendants whatsoever that they would have to defend against alleged misconduct in the ASO market." *Id.*

In short, every single court that has considered whether ASOs were part of *Cerven* reached the same conclusion: they were not.

2. Plaintiffs Cannot Claim Tolling Based on the Injunctive Class in the *Cerven* Complaint.

The case law confirms what is evident from the complaint: ASOs were not asserted members of a class in *Cerven*. Plaintiffs concede that they were not members of the *Cerven* damages class. (Opp. 16.) For good reason—the damages class was limited to fully-insured individuals and small groups. (Facts ¶ 2.) But Plaintiffs' concession is fatal to any claim for damages that relies on tolling from *Cerven*. To benefit from *American Pipe* tolling, a "plaintiff must possess a claim that the prior class action asserted[.]" *In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, 2023 WL 4105105, at *7 (D.D.C. June 21, 2023). Here, Plaintiffs have asserted damages claims under section 4 of the Clayton Act, while the injunctive class sought equitable relief pursuant to section 16. By statute, a section 4 claim for damages is not the same "claim" as a section 16 claim for injunctive relief. *See Todorov v. DCH Healthcare Auth.*, 921 F.2d 1438, 1452 (11th Cir.

---

Plaintiff Ford Motor Company, *Ford Motor Co. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*, 2023 WL 9322006 (E.D. Mich. Sept. 21, 2023) (No. CV 23-11286).

1991) (explaining that "[s]ection 16 differs in important ways from section 4," and the claims require different factual showings); *see also Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1283 (11th Cir. 2003) (no *American Pipe* tolling for "wrongful death" claim not "explicitly included" in class action, over plaintiff argument about an "ambiguous class definition").

Moreover, a damages claim cannot be tolled based on inclusion in a prior injunctive class. *See Chancellor v. Coca-Cola Enters., Inc.*, No. 08CV65, 2008 WL 3307131, at *4 (S.D. Ohio Aug. 7, 2008) (rejecting *American Pipe* tolling for damages claims based on membership in an injunctive class because "each plaintiff's damages claim is unique and will have to be presented separately"). Plaintiffs cite no authority holding otherwise. Their lead authority, *In re Independent Service Organizations Antitrust Litigation*, No. CIV. A. MDL-1021, 1997 WL 161940, at *5–6 (D. Kan. Mar. 12, 1997), involved only different forms of damages, and other courts have reached the opposite conclusion even in that context. *See Health All. Plan v. Blue Cross Blue Shield of Mich. Mut. Ins.*, No. 14-13788, 2017 WL 1209099, at *3 (E.D. Mich. Mar. 31, 2017). Again, Plaintiffs' theory of tolling is not about different damages theories—it is about different statutory claims, and Plaintiffs have no authority where a class claim brought under section 16 somehow tolls a subsequent damages claim arising under section 4.

But even if Plaintiffs could claim damages based on membership in the *Cerven* injunctive class, Plaintiffs were not actually members of the injunctive class. The *Cerven* Complaint limited its putative injunctive class to persons or entities "insured" by a licensee of BCBSA. (*Cerven* Dkt. 1 ¶ 20.) The term "insured" excludes self-funded accounts, which "do not buy health insurance" and "instead purchase administrative services and unbundled products like vision, dental, and stop-loss insurance from Blue Cross." *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th at 1084. As Judge Proctor has already noted in this action, "a reference to the term 'insured' in the early complaints would not have included self-funded entities." (Order, *Alaska Air* Dkt. 435 at 9.)

Indeed, the *Cerven* Complaint expressly distinguished fully-insured products from ASO products. (*See* Facts ¶ 4–5.) It explained that "[w]hen a consumer purchases a *fully-insured* health insurance product, the entity from which the consumer purchases that product . . . pays its enrollees' medical costs, bears the risk that its enrollees' health claims will exceed anticipated losses, controls benefit structure and coverage decisions, and provides 'administrative services' to its enrollees." (*Cerven* Dkt. 1 ¶ 129.) But "when a consumer purchases an *administrative services only* ('ASO') product . . . the entity from which the consumer purchases that product provides administrative services only." (*Id.*)

And as the Eleventh Circuit already has held, this distinction confirms that the injunctive class excluded self-funded accounts.[5]

Plaintiffs argue they "need only show that the class definition is ambiguous and arguably includes them" to obtain *American Pipe* tolling. (Opp. 26.) That is wrong,[6] but Plaintiffs cannot satisfy even that standard, as every court to consider the issue has concluded *Cerven* did not assert ASO claims.

**C. Plaintiffs' "Extrinsic Evidence" Does Not Change the Result.**

This Court repeatedly has recognized that the types of "extrinsic evidence" Plaintiffs cite do not speak to whether ASO claims were tolled. (*See, e.g.*, Order, *Alaska Air* Dkt. 435 at 9; *Alaska Air* Dkt. 766-26 at 44–45.) Plaintiffs cite *Smith v. Pennington*, 352 F.3d 884 (4th Cir. 2003), to rely on extrinsic evidence, but they misstate that decision. (Opp. 23–24.) The issue was "whether, and to what extent, evidence outside of the complaint can be used to construe a definition of a

[5] *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th at 1098 ("Other parts of the *Cerven* complaint confirm that self-funded accounts were not included in the damages ***or injunctive classes***. The complaint defines self-funded accounts as those that purchase only administrative services, highlighting the difference between self-funded and fully insured accounts." (emphasis added)).

[6] Plaintiffs cite *DeFries v. Union Pacific Railroad Co.*, 104 F.4th 1091 (9th Cir. 2024), *DeGeer v. Union Pacific Railroad Co.*, 113 F.4th 1035 (8th Cir. 2024), and *Zaragoza v. Union Pacific Railroad Co.*, 112 F.4th 313 (5th Cir. 2024), but each of those cases involved a plaintiff indisputably within the complaint class and addressed a different question: whether and when tolling ended. *See DeFries*, 104 F.4th at 1095–96; *DeGeer*, 113 F.4th at 1037–39; *Zaragoza*, 112 F.4th at 317. Here, the question is whether ASOs were asserted class members at all, and courts have declined to apply these cases in these circumstances. *See, e.g.*, *Olukayode v. City of New York*, No. 25 Civ. 1232, 2026 WL 1661386, at *10 n.6 (S.D.N.Y. June 9, 2026); *Friedland v. City of New York*, No. 24CV7064, 2025 WL 2733359, at *5 (S.D.N.Y. Sep. 25, 2025).

plaintiff's asserted class *that is more narrow than what the complaint alone would dictate*." 352 F.3d at 891 (emphasis added). That circumstance is absent here because, as every court to consider the issue has held, the *Cerven* Complaint unambiguously excluded ASOs. Moreover, the only "extrinsic evidence" *Pennington* allowed to be considered was the motion for class certification, which, like here, clearly excluded the subsequent plaintiffs' claims from the class definition. *Id.* at 894–96; (Facts ¶ 9). *Pennington* did not involve or consider anything like Plaintiffs' snippets of "evidence" about Defendants' alleged subjective understanding of the *Cerven* class definition. As Judge Proctor explained when Plaintiffs previously presented their "extrinsic" evidence to the Court: [redacted]

(*Alaska Air* Dkt. 766-26 at 44:10–23.)

Plaintiffs nevertheless rely on the same categories of evidence they previously have presented, including various statements by Subscriber Class Counsel, statements and MDL filings by Defendants, and mediation-related materials. (*See* Opp. 20–23, 27; PSOF ¶¶ 3, 7–44.) None of that "evidence" defines the *Cerven* Complaint's classes.

1. Statements by Putative Class Counsel Do Not Define the *Cerven* Class.

Plaintiffs point to evidence purportedly showing that Subscriber Class Counsel "[c]onfirmed that ASOs were in the Injunctive Relief Class." (*See* PSOF ¶¶ 23–26, 32–33.) To the contrary, Subscriber Class Counsel insisted that "ASOs were not included in our complaint to start with." (MDL Dkt. 2865 at II-134:12–13; *see also* Facts ¶¶ 14–16.) As Boies said during the Subscriber Settlement hearing, "our complaint was limited not merely to fully insured plans, but was limited to individuals and small groups so that it was absolutely clear that ASOs were not included." (MDL Dkt. 2865 at I-14:16–18.)

Indeed, this Court has emphasized Boies's position that ASOs were not included in the *Cerven* Complaint, and relied upon it in concluding the same. (*See, e.g.*, Order, *Alaska Air* Dkt. 435 at 11–12; *Alaska Air* Dkt. 766-26 at 31–32, 35–37; *Alaska Air* Dkt. 578 at 48.) The Court reached that conclusion even as Plaintiffs relied on the very communications with ASO subscribers that they again invoke here. (*Compare* PSOF ¶ 24 *with Alaska Air* Dkt. 766-26 at 40, 44–45.)

2. Defendants' Statements and MDL Filings Do Not Define the *Cerven* Class.

Plaintiffs argue that statements by fact witnesses and defense counsel, including in MDL filings, show that *Cerven* included ASOs. That is wrong.

In an effort to shoehorn ASOs into the *Cerven*'s class of fully-insured subscribers, Plaintiffs first point to statements by witnesses and in Defendants' documents "refer[ring] to ASO covered lives as individuals they 'insure' or who are covered by 'health insurance.'" (Opp. 20 (citing PSOF ¶¶ 6-12.).) This argument is not new (*see, e.g.*, *Alaska Air* Dkt. 232 at 19–20 (arguing that "insured" includes ASOs); *Alaska Air* Dkt. 239 at 2 (arguing that "health insurance" includes ASOs); *see also Alaska Air* Dkt. 395 at 7 n.4), and this Court consistently has rejected it (*see, e.g.*, Order, *Alaska Air* Dkt. 435 at 9 (rejecting Plaintiffs' "examples of 'evidence' or admissions that Defendants knew that ASOs were included in the early complaints in the MDL" and concluding that "a reference to the term 'insured' in the early complaints would not have included self-funded entities"); *see also* MDL Dkt. 2865 at II-158:13–21, 157:11–14). Although Plaintiffs have collected new deposition testimony and record documents in which Defendants purportedly used the terms "insureds" and "health insurance" to refer to ASOs (*see* PSOF ¶¶ 11–12), all of it suffers the same flaw as the evidence this Court already considered and rejected.

Plaintiffs next argue that several of Defendants' statements and filings in the MDL show that *Cerven* included ASOs. (Opp. 20–21 (citing PSOF ¶¶ 6 n.1, 15 & n.2, 26).) They point to Defendants' statement in a brief opposing a motion to quash that the alleged "injunctive relief class could impact every Blue subscriber,

big and small—including ASO members." (Opp. 20.) Plaintiffs previously presented this exact argument to this Court. (*See Alaska Air* Dkt. 395 at 17.) As the Court noted at that time, "stating that the injunctive relief could *impact* ASOs is a far cry from stating that they were putative class members." (Order, *Alaska Air* Dkt. 435 at 10; *see also Alaska Air* Dkt. 486 at 71–72 (same).)

Plaintiffs also point to statements and filings from the MDL to support their argument that *Cerven* included "100 million subscribers." (Opp. 20–21 (citing PSOF ¶¶ 7, 17).) Plaintiffs advanced the same argument in this Court and the Eleventh Circuit (*Alaska Air* Dkt. 232 at 28–29; Topographic Br. at 86-87, No. 22-13051, Dkt. 121 (11th Cir. Dec. 12, 2022)), and neither court accepted it. In an unrelated hearing, Judge Proctor expressly rejected it. (*See* MDL Dkt. 2865 at II-156:1-158:21 (rejecting argument that use of "a hundred million" meant ASOs were included in *Cerven*).)

Plaintiffs rely on other MDL discovery documents, including nonparty subpoenas and communications with Subscriber Class Counsel. (Opp. 21 (citing PSOF ¶¶ 14, 19–22).) They have previously presented this evidence, too. (*See, e.g.*, *Alaska Air* Dkt. 395 at 15–16; *Alaska Air* Dkt. 458 at 15–16.) Both this Court and the *Ford* Court rejected the notion that Defendants' discovery requests during the MDL show that ASOs were included in *Cerven*. (*See Alaska Air* Dkt. 766-26 at 42:25–43:2 ("[redacted]

[redacted]"); *Ford* Order at *9 ("Ford's argument that conduct during discovery shows that litigation contemplated ASO claims is unconvincing.").)

In a single sentence, Plaintiffs also suggest that communications between Defendants and their insurers show that ASOs were class members. (*See* Opp. 31 (citing PSOF ¶¶ 27–31).) Again, this argument is not new. (*See, e.g.*, Order, *Alaska Air* Dkt. 458 at 2.) As this Court has noted, however, Defendants' characterizations of the claims to its carriers are not persuasive evidence because parties broadly characterize a "claim to the carrier" to avoid "coming up on the short end[.]" (*Alaska Air* Dkt. 578 at 51:4–7.) Consistent with that reasoning, the Court denied Plaintiffs' request for further discovery into those communications, finding no showing of relevance to the meaning of the class allegations. (*See id.*)

3. Mediation and Settlement Negotiations Do Not Define the *Cerven* Class.

Finally, Plaintiffs submit evidence related to mediation and settlement negotiations during the MDL. (*See* PSOF ¶ 34–44.) Setting aside that Plaintiffs abandoned any argument for tolling based on mediation (*infra* Section II), that evidence does not alter the scope of the *Cerven* Complaint or show that ASOs were asserted members of its classes. At most, it shows that ASO representatives participated in pre-suit settlement discussions—discussions that cannot toll claims

or expand the class defined in the complaint. *See, e.g.*, *Spagnoli v. Medtronic Minimed, Inc.*, No. 07-22871-CIV, 2009 WL 10669108, at *6 (S.D. Fla. Mar. 10, 2009); *Raziano v. United States*, 999 F.2d 1539, 1541 (11th Cir. 1993).[7]

**D. Judicial Estoppel Does Not Apply.**

As a fallback, Plaintiffs argue that Defendants should be judicially estopped from denying that ASOs were class members based on statements made during the litigation. (Opp. 30–34.) They fail to satisfy any element of judicial estoppel.

Judicial estoppel requires more than isolated statements used in discovery disputes. It applies only if a party that "has succeeded in persuading a court to accept [its] earlier position" later asserts a "clearly inconsistent position" from which they "derive an unfair advantage." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (noting "several factors [that] typically inform whether to apply the doctrine") (quotation omitted); *see also United States v. Munoz*, 112 F.4th 923, 935–37 (11th Cir. 2024) (applying "*New Hampshire*'s three-prong test").

Defendants' prior statements cited by Plaintiffs are consistent with their current position that ASOs were not members of the *Cerven* classes. (*See* Opp. 31–32.) Statements that ASO-related conduct could affect the injunctive class, that

[7] Contrary to Plaintiffs' assertion (Opp. 32 n.8), *Raziano* involved federal equitable tolling, and it held that mediation-based tolling would be a "gaping exception to the usual rule." 999 F.2d at 1541–42. *See also Dotson v. United States*, 30 F.4th 1259, 1269–70 (11th Cir. 2022) (same).

relief could impact ASO subscribers, or that ASOs were subject to discovery do not show ASOs were asserted class members. Nor do Defendants' discovery filings support estoppel: the "putative class member" terminology Plaintiffs rely on was imposed by the MDL Court's protective order over Defendants' objection (*see* MDL Dkt. 616 at 2, 7), and Defendants used it to comply with that order, not as a concession that ASOs were class members. *See In re Jones*, 381 B.R. 555, 561–62 (Bankr. M.D. Fla. 2007) (no judicial estoppel where characterization was not "a definitive statement" of the legal question at issue).

Regardless, Defendants received no benefit from those statements. To the contrary, treating ASOs as falling within the MDL protective order imposed additional discovery restrictions on Defendants. Judicial estoppel does not apply where a party did not obtain an advantage from the prior position. *See Munoz*, 112 F.4th at 936 (the party asserting estoppel "must establish that [the other party] would derive an unfair advantage or impose an unfair detriment") (cleaned up and quotation omitted); *Miles v. City of Birmingham*, 398 F. Supp.3d 1163, 1187 n.11 (N.D. Ala. 2019) (Proctor, J.) (no estoppel where a party did not "intentionally manipulate[] the courts to gain an advantage through her inconsistent positions").

As part of their argument, Plaintiffs mention "Rule 37 case law." (Opp. 33.) But that rule does not apply here. Defendants have responded to Plaintiffs' theory with legal argument; they have not introduced previously withheld evidence. *See*

*Seven Stars on the Hudson Corp. v. MDG Powerline Holdings, LLC*, 2022 WL 10046439, at *7 (S.D. Fla. Oct. 17, 2022) ("Rule 37(c)(1)'s exclusion provision only applies when a party actually attempts to offer evidence.").

## II. PLAINTIFFS HAVE ABANDONED ANY ARGUMENT THAT PRE-COMPLAINT MEDIATION TOLLED THE STATUTE OF LIMITATIONS.

In their Opening Brief, Defendants explained that the 2019 mediation discussions between ASO Subclass Counsel and Defendants could not toll Plaintiffs' claims because *American Pipe* tolling turns on the filing of a complaint, not pre-suit settlement discussions. (*See* Def. 17–18.) Although Plaintiffs assert facts related to mediation (*see* PSOF ¶¶ 34–44) and reference them in their judicial estoppel argument (*see* Opp. 32), they do not defend any legal standard under which mediation discussions give rise to tolling, and that argument is therefore abandoned. *See Rd. Sprinkler Fitters Loc. Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (explaining that "a ground not pressed in the district court in opposition to a motion for summary judgment is to be treated by the district court as abandoned").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant summary judgment for Defendants on all claims for damages based on alleged injuries occurring before November 2, 2016.

Dated: July 31, 2026

Respectfully submitted,

By /s/ Karin A. DeMasi

Karin A. DeMasi
Rachel G. Skaistis
Lauren R. Kennedy
David H. Korn
Lillian S. Grossbard
Rebecca J. Schindel
Hannah L. Dwyer
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com
rskaistis@cravath.com
lkennedy@cravath.com
dkorn@cravath.com
lgrossbard@cravath.com
rschindel@cravath.com
hdwyer@cravath.com

*Lead Counsel for the Blue Cross Blue Shield System; Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; GuideWell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of South Carolina;*

*BlueCross BlueShield of Tennessee, Inc.; Blue Cross Blue Shield of Wyoming; California Physicians' Service d/b/a Blue Shield of California; Capital Blue Cross; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation; Triple-S Salud, Inc.*

E. Desmond Hogan
Justin Bernick
Elizabeth Jose
W. David Maxwell
HOGAN LOVELLS CADWALADER US LLP
Columbia Square

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400

555 13th Street, N.W.
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
desmond.hogan@hlc.com
justin.bernick@hlc.com
elizabeth.jose@hlc.com
david.maxwell@hlc.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho; Regence BlueCross BlueShield of Utah; Regence BlueShield; Regence BlueCross BlueShield of Oregon*

John D. Martin
Lucile H. Cohen
Travis A. Bustamante
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 255-9421
Fax: (803) 256-7500
john.martin@nelsonmullins.com

Birmingham, AL 35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Arizona, Inc.; BlueCross BlueShield of South Carolina; Blue Cross and Blue Shield of Wyoming; Capital Blue Cross; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; California Physicians' Service d/b/a Blue Shield of California; Wellmark of South Dakota, Inc. (Wellmark Blue*

lucie.cohen@nelsonmullins.com
travis.bustamante@nelsonmullins.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); BlueCross BlueShield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho; Regence BlueCross BlueShield of Utah; Regence BlueShield; Regence BlueCross BlueShield of Oregon; Blue Cross & Blue Shield of Mississippi, A Mutual Insurance Company; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc; Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500

*Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii)*

Carl S. Burkhalter
MAYNARD NEXSEN PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
cburkhalter@maynardnexsen.com

Pamela B. Slate
HILL CARTER FRANCO COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL 36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654

Birmingham, AL 35203-4642
Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Blue Cross and Blue Shield of North Carolina; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho; Regence BlueCross BlueShield of Utah; Regence BlueShield; Regence BlueCross BlueShield of Oregon*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON
LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendant Premera Blue Cross, d/b/a Premera Blue Cross Blue*

Tel: (312) 862-2000
Fax: (312) 862-2200
jzeiger@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Highmark Western and Northeastern New York Inc.; Blue Cross and Blue Shield of Kansas City (except with respect to claims by Rite Aid Corporation and its affiliates and Bed, Bath & Beyond Inc. now known as 20230930-DK-Butterfly-1, Inc. and its affiliates, and discovery to RTX Corporation and its affiliates and General Motors Company and its affiliates)*

Jonathan M. Redgrave

*Shield of Alaska*

Brian K. Norman
SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX 75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL 36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

*Counsel for Defendants CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.*

M. Patrick McDowell
Norman E. "Benje" Bailey, Jr.
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS 39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com

REDGRAVE, LLP
4800 Westfields Blvd, Suite 250
Chantilly, VA 20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark Defendants and California Physicians' Service d/b/a Blue Shield of California*

Todd M. Stenerson
Brian C. Hauser
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue N.W.
Washington, DC 20005
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@aoshearman.com
brian.hauser@aoshearman.com

Rachel Mossman Zieminski
ALLEN OVERY SHEARMAN STERLING US LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@aoshearman.com

Sarah L. Cylkowski
Thomas J. Rheaume, Jr.

bbailey@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY
P.O. Box 1043
Jackson, MS 39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross & Blue Shield of Mississippi, A Mutual Insurance Company*

Alan D. Rutenberg
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC 20007
Tel: (202) 672-5491
Fax: (202) 672-5399
arutenberg@foley.com

Kimberly A. Klinsport
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Tel: (213) 972-4741
Fax: (213) 486-0065
kklinsport@foley.com

*Counsel for Defendant USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield and as BlueAdvantage Administrators of Arkansas*

BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
trheaume@bodmanlaw.com

Andy P. Campbell
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL PARTNERS LLC
505 North 20th Street, Suite 1600
Birmingham, AL 35203
Tel: (205) 224-0750
Fax: (205) 224-8622
andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Michigan; Blue Cross and Blue Shield of Vermont; Independence Hospital Indemnity Plan, Inc. f/k/a Independence Blue Cross; Independence Health Group, Inc.*

Sarah M. Gilbert
Honor R. Costello
Robert A. Mantel
CROWELL & MORING LLP
Two Manhattan West

Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL 35209
Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

375 Ninth Ave.
New York, NY 10001
Tel: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com
hcostello@crowell.com
rmantel@crowell.com

John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Tel: (205) 581-0700
Fax: (205) 581-0799
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Nebraska; GoodLife Partners, Inc.; Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross Blue Shield of North Dakota; Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 31st day of July, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

*/s/ Karin A. DeMasi*
Karin A. DeMasi