FILED
2026 Aug-07 AM 08:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:15-CV-354-DJH**

**COMMONWEALTH OF KENTUCKY,** **Plaintiff,**

**v.**

**MARATHON PETROLEUM COMPANY LP, et al.,** **Defendants.**

**ORDER**

A deposition request has exposed the parties' opposing interpretations of this case's discovery schedule. The defendants (collectively "Marathon") assert that they may depose the Commonwealth's expert, Dr. Michael J. Sattinger, immediately. The Commonwealth of Kentucky, however, believes that Marathon must wait until after the Commonwealth's rebuttal expert deadline.

The Court held a telephonic status conference on September 14, 2018, to address this issue. (DN 143.) As permitted by the Court, both parties have filed briefs supporting their respective positions. (DNs 145,[1] 146.[2])

A party may depose an expert any time after his report is provided, absent a contrary order by the court or stipulation by the parties. FED. R. CIV. PRO 26. Sattinger has already provided his report. (DN 145, PageID # 3280). Therefore, the question is whether any order or stipulation has displaced the default rule.

No order has affected when experts become available for deposition. The Court's several scheduling orders have only set *deadlines* for expert discovery. (*See* DNs 58, 78, 140.) Likewise,

[1] Marathon captioned its brief as a "motion to compel." The Court construes DN 145 as a simultaneous brief filed per the Court's instructions in DN 143.
[2] The Commonwealth also argues in its brief that Marathon should be permitted to depose Sattinger only once. Marathon has not requested a second deposition, and that issue is not before the Court.

the parties have not made any pertinent stipulation. In their September 2016 Rule 26(f) joint status report, the parties did "not anticipate any special instructions concerning . . . depositions."[3] (DN 52, PageID # 567.) Neither the transcript of the December 2016 scheduling conference (DN 59), nor the parties' June 2017 joint motion to modify the case's schedule (DN 75), nor the Commonwealth's April 2018 unopposed motion to modify the case's schedule (DN 134) expressed a desire to limit on expert depositions other than the deadline.

In short, the Commonwealth has not established that its understanding of this case's discovery schedule limits Marathon. As a result, it must make Sattinger available.

The parties have also filed a joint status report with an agreed proposed date for the Sattinger deposition and a joint proposal for modifying the case's schedule. (DN 144.) The Court accepts the parties' proposed deposition date and schedule modifications.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Commonwealth **SHALL** present Sattinger for deposition on October 12, 2018.
2. The case's schedule is **MODIFIED** as follows:
    a. The Defendants' expert disclosure deadline is **November 5, 2018**.
    b. The Plaintiff's rebuttal expert deadline is **December 12, 2018**.
    c. The parties' expert discovery deadline is **January 18, 2019**.
    d. The parties' dispositive motion and *Daubert* motion deadline is **February 15, 2019**.
    e. All other aspects of the Scheduling Order remain unchanged.

[3] The Commonwealth's exhibit contains a "copy and paste" of September 2016 email from Marathon's counsel. (DN 146-1, PageID # 3305–06.) That email simply proposed the deadlines which were thereafter included in the Rule 26(f) joint status report.

3. The parties **SHALL** contact the undersigned's case manager at Theresa_Burch@kywd.uscourts.gov to schedule a telephonic status conference for a date after Sattinger's deposition.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record
October 3, 2018