FILED
2026 Aug-07 AM 08:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 8

FILED
2023 Jan-23 PM 09:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **Alaska Air Group, Inc., *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Anthem, Inc., *et al.***<br><br>**Defendants.** | **Case No. 2:21-cv-01209-RDP** |
| **JetBlue Airways Corporation, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Anthem, Inc., *et al.*,**<br><br>**Defendants.** | **Case No. 2:22-cv-00558-RDP** |
| **Metropolitan Transportation Authority, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Blue Cross and Blue Shield of Alabama, *et al.*,**<br><br>**Defendants.** | **Case No. 2:22-cv-00265-RDP** |
| **Bed Bath & Beyond Inc. *et al*,**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**Anthem, Inc, *et al*,**<br><br>**Defendants.** | **Case No. 2:22-cv-01256-RDP** |

# THE PARTIES' REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F) AND PARAGRAPH 3 OF THE COURT'S INITIAL ORDERS

Plaintiffs and the participating Defendants (each a "Party" and collectively the "Parties") in the above-captioned actions hereby submit their report pursuant to Federal Rule of Civil Procedure 26(f)(2) and the Court's Initial Orders in *Alaska Air Group, Inc. et al. v. Anthem, Inc., et al.* ("*Alaska Air*"), No. 2:21-cv-01209-RDP (Doc. 208), *JetBlue Airways Corporation et al. v. Anthem Inc., et al.* ("*JetBlue*"), No. 2:22-cv-00558-RDP (Doc. 152), *Metropolitan Transportation Authority, et al. v. Blue Cross and Blue Shield of Alabama, et al.* ("*MTA*"), No. 2:22-cv-265-RDP (Doc. 102), and *Bed Bath & Beyond et al. v. Anthem, Inc. et al.* ("*Bed Bath & Beyond*"), No. 2:22-cv-01256-RDP (Initial Order to be issued). At this juncture, the Parties expect all of these matters will be coordinated for discovery purposes.

## 1. Brief Descriptions of the Cases

In accordance with the Court's Initial Orders, below are the Parties' brief descriptions of the nature of the case, the claims and defenses of the Parties, and the complexity of the case. By generally describing their defenses below, Defendants do not waive any defense and reserve all rights to plead a full list of defenses in their answers to any remaining part of the Plaintiffs' complaints after the Court decides Defendants' pending motions to dismiss.

*i. Plaintiffs' description.*

Plaintiffs brought suits under the Federal antitrust laws to address collusion among separate economic actors that should compete with one another for the sale of health insurance services to Plaintiffs. The actions are brought by employers, plan sponsors, plan administrators, and trustees on behalf of group health plans who—either directly themselves or through agents such as their health plans—contract with and purchase commercial healthcare insurance (including, but not limited to, stop-loss insurance, dental and vision insurance) and health

insurance related services from one or more of the Defendant Insurance Companies.[1] These employers, plan sponsors, plan administrators, trustees, plans and associations seek to recover damages and other relief arising from a continuing conspiracy between and among Defendant Insurance Companies and the Blue Cross Blue Shield Association (*BCBSA*) both to restrict output and to allocate customers, across the United States in violation of § 1 of the Sherman Act (15 U.S.C. § 1) and causing damages to each Plaintiff under § 4 of the Clayton Act (15 U.S.C. § 15). Such damages include the difference between what each Plaintiff paid individual Defendant Insurance Companies and the lower competitive prices each Plaintiff would have paid but for Defendant Insurance Companies' illegal conduct described in the complaints.

The Plaintiffs are National Accounts[2] that collectively provide health insurance benefits to over 4 million employees and their dependents who are located in every state in the United States. Each Plaintiff and/or its affiliated health plan has contracted with at least one of the Defendants for health insurance services. Defendants have rendered the market to service National Accounts extremely concentrated, and the least competitive of any healthcare insurance market. Indeed, National Accounts have fewer options than any other healthcare insurance consumer. *See* slide presentation of David Dranove, Ph.D. (economist for the United States) in *U.S. et al. v. Anthem, Inc. and Cigna Corp.* at pp. 39-43 (can be located at https://www.justice.gov/atr/page/file/914606/download) (last visited January 20, 2023).

---

[1] "Defendant Insurance Companies" are the entities identified as "Defendant Insurance Companies" in the complaints filed in the four above-captioned actions.

[2] Plaintiffs use the term "National Account" as that term was used in *United States v. Anthem*, 236 F. Supp. 3d 171, 179 (D.D.C. 2017). National Accounts are the larger of two types of "large employer" plans. While some insurance companies utilize a numeric threshold other than 5000 employees to define a National Account, Plaintiffs rely on the same 5000 threshold held by the Court in *Anthem* to define the market.

Defendants are more than thirty horizontal competitors for health insurance services, each of which is a member of the BCBSA. The BCBSA is a company formed, owned, and controlled by Defendants and each Defendant has a representative on BCBSA's Board of Directors. The restraints and regulations of the BCBSA, including license agreements, membership standards, rules, bylaws and guidelines, constitute horizontal agreements among and between competitors to limit output and allocate customers in the National Account health insurance market.

Each Defendant Insurance Company has agreed, with each of the other Defendant Insurance Companies, and with and through the BCBSA, to allocate National Account customers among themselves and to refrain from competing against each other to provide Blue Cross and/or Blue Shield branded health insurance services to such customers, including Plaintiffs. In addition to allocating customers, the Defendants have combined and conspired to implement additional output-reducing restraints on the Defendant Insurance Companies' ability to compete against each other or other non-defendant insurance conspirators for the sale of health insurance services. Among other restrictive output-reducing agreements, the Defendant Insurance Companies and BCBSA have agreed to adhere to: (1) a National Best Efforts Rule, which precludes each Defendant from obtaining more than 33% of its revenue from the sale of services that do not carry a Blue Cross or Blue Shield brand or trademark; and (2) a Local Best Efforts Rule, which requires that 80% of the revenue received by a Defendant Insurance Company from within an allocated territory come from the sale of services using a Blue Cross and/or Blue Shield mark. The effect and intention of these restraints is to essentially ban all competition among Defendant Insurance Companies for National Accounts. These restraints constitute *per se* violations of Section One of the Sherman Act. *See In re Blue Cross Blue Shield Antitrust Litig.*, 308 F. Supp. 3d 1241 (N.D. Ala. 2018). Because these agreements are *per se* illegal, no market

definition is necessary. Alternatively, they are illegal, individually or collectively, under the Rule of Reason in the National Account market.

Defendants' anticompetitive conduct has resulted in supracompetitive fees and prices being charged to National Accounts such as Plaintiffs. It has also constricted output, curtailed consumer choice, and reduced quality in the relevant market. Defendants' anticompetitive behavior and the lack of competition engineered by Defendants through their customer allocation scheme and/or output restrictions have caused Plaintiffs to pay Defendant Insurance Companies and other competitors supracompetitive prices for health insurance services. Plaintiffs seek damages as well as divisible injunctive relief.

Plaintiffs have timely and validly opted out of the subscriber class-action settlement for the Rule 23(b)(3) sub-class in *In re Blue Cross Blue Shield Antitrust Litig.*, Case No. 2:13-cv-20000-RDP. No Plaintiff has appealed this Court's final approval of the subscriber class-action settlement.

*ii. Defendants' description.*

As the Court knows, Defendants are the Blue Cross Blue Shield Association ("BCBSA" or the "Association") and its 33 constituent member Plans (the "Blue Plans" and, together with BCBSA, "the Blues") and affiliated entities. BCBSA is a not-for-profit corporation that owns exclusive rights to the well-known, decades-old Blue Cross and Blue Shield federal trademarks (the "Blue Marks"). Pursuant to their license agreements with BCBSA, the Blue Plans operate in geographically distinct parts of the country referred to as "service areas," which developed locally at common law nearly a century ago before the written license agreements were entered and the Lanham Act allowed nationwide registration of trademarks. The Plans work together through the BlueCard program to integrate their geographically distinct provider networks in

Case 2:21-cv-05518-RDP Document 9 Filed 10/20/21 Page 6 of 32

order to provide quality, affordable healthcare coverage to Blue members nationwide. Today, Blue Plans are one of four major competitors for national accounts and collectively provide healthcare benefits to more than 100 million members—or nearly one in three Americans.

Plaintiffs are self-funded or "Administrative Services Only" (ASO) accounts who allege that they validly opted out of the MDL subscriber settlement. Defendants do not provide *insurance* to Plaintiffs. Rather, Defendants assist Plaintiffs with the administration of self-funded plans, typically in exchange for an administrative services fee. Competition for ASO business is even more vigorous than for fully insured members and groups. As the Court recognized in approving the 6.5% allocation to the ASO class members in the Subscriber Settlement, numerous aspects of competition and other unique factors related to ASOs makes Plaintiffs' claims in this case far weaker than those pursued by other plaintiffs in the MDL.

Plaintiffs challenge the Blue System of service areas that results from the licensing of the Blue Marks, as well as related rules and programs (collectively, the "Blue System"). The Blue System, however, is lawful and procompetitive because it allows the Blues to work together, in light of their trademark history at common law and the local focus each Blue provides, to offer a nationwide product that competes with other national carriers (such as Aetna and Cigna) and enhances inter-brand competition. Further, the challenged Blue rules merely govern the nationwide use, and preserve the value of, the Blue Marks and, thus, are presumptively procompetitive.

Plaintiffs' claims under the federal antitrust laws fail for a host of reasons, including but not limited to the following. The Blue System operates as a single entity with respect to governance of Blue Marks, and therefore is incapable of concerted action under Section 1. Plaintiffs' claims are subject to the rule of reason, and are not subject to the *per se* standard.

Plaintiffs cannot prove the elements of their claims, under either a *per se* or a rule of reason standard. Among other reasons, Plaintiffs have not defined a proper relevant market (including because Plaintiffs have not defined a proper two-sided market); Plaintiffs cannot prove market power in a proper relevant market; and Plaintiffs cannot prove that Defendants' conduct has anticompetitive effects in a proper relevant market. The challenged conduct has numerous procompetitive effects, including benefits that have been described at length in filings throughout the course of the MDL, which Defendants incorporate by reference without detailing here.[3] These procompetitive effects significantly outweigh any anticompetitive effects. Further, the challenged service area rules are lawful, presumptively procompetitive agreements that protect the Blue Marks. Moreover, Plaintiffs seek to recover damages that are barred because they are untimely. Plaintiffs also seek to pursue claims and relief that have been released under the terms of the Settlement Agreement in the Subscriber Track of the MDL. Plaintiffs cannot prove that they have suffered any alleged injury or damages caused by the challenged conduct. Defendants will identify these and other defenses in responsive pleadings at the appropriate time under the Federal Rules.

**2. Attendance at the Rule 26(f) conference.**

The following persons participated in a Rule 26(f) conference on December 19, 2022[4] in Washington, D.C.:

---

[3] *E.g.*, MDL Dkts. 1353, 1432, 2728, 2801.

[4] In the *Alaska Air* and *JetBlue* cases, the Court initially ordered that the Rule 26(f) conference occur by December 2, 2022. Pursuant to a November 28, 2022 email with the Court, the Court granted the Parties leave to conduct the Rule 26(f) conference beyond December 2, 2022. Further, under Rule 26, this report would normally have been due on January 3, 2023. However, pursuant to a December 30, 2022 email exchange with the Court (and January 3, 2023 text order), the Court gave the Parties leave to submit this Rule 26(f) report on January 23, 2023.

| Plaintiffs' Counsel | |
|---|---|
| **Attendee** | **Party Represented** |
| Regina Calcaterra | MTA et al. plaintiffs |
| Wilson Green | |
| Jon Corey | Bed, Bath & Beyond plaintiffs |
| Lew LeClair | |
| John Briody | |
| William Blechman | Alaska Air and JetBlue plaintiffs |
| Elizabeth Honkonen | |
| Phillip Cramer | |
| Eric Osborne | |
| Jay Ezelle | |
| Ben Presley | |
| Jason Zweig | |

| Defendants' Counsel | |
|---|---|
| **Attendee** | **Party Represented** |
| Des Hogan | Elevance Health, Inc. (f/k/a Anthem, Inc.) and all of its named subsidiaries in these actions, BCBSLA, BCBSMN, BCBSSC, BCBSRI, BCBSVT, Horizon Healthcare Services, Inc., Cambia Health Solutions, Inc., Regence Blue Shield of Idaho, Regence Blue Cross Blue Shield of Utah, Regence Blue Shield (of Washington), Regence Blue Cross Blue Shield of Oregon |
| Elizabeth Jose | |
| David Maxwell | |
| Jim Conlin | |
| Fleming Farrell | |
| David Korn | Lead Counsel for the Blue System, BCBSA, BCBS-AL, BCBSAZ, BCBS-NC, BCBS-MA, BCBST, Florida Blue, HMSA, Wellmark of South Dakota, Inc., Wellmark, Inc., CareFirst, Inc., CareFirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., CareFirst BlueChoice, Inc., GuideWell Mutual Holding Corporation, Triple-S Management Corporation, Triple S-Salud, Inc., California Physicians' Service d/b/a Blue Shield of California, HCSC, Caring for Montanans, Inc., f/k/a/ Blue Cross and Blue Shield of Montana, Inc. |
| Jill Greenfield | |
| Libby Rozbruch | |
| Travis Bustamante | Elevance Health, Inc. (f/k/a Anthem, Inc.) and all of its named subsidiaries in these actions, Florida Blue, HMSA, BCBSLA, BCBS-MA, BCBSM, BCBSMN, BCBSRI, BCBSSC, BCBST, BCBSVT, Cambia Health Solutions, Inc., Horizon Healthcare Services, Inc., Regence Blue Shield of Idaho, Regence Blue Cross Blue Shield of Utah, Regence Blue Shield (of Washington), Regence Blue Cross Blue Shield of Oregon, Wellmark of South Dakota, Inc., Wellmark, Inc., Triple-S Management Corporation, Triple S-Salud, Inc. |
| Jeff Zeiger | HCSC (which operates through its divisions BCBS-IL, BCBS-MT, BCBS-NM, BCBS-OK and BCBS-TX); Caring |

| | |
|---|---|
| | for Montanans, Inc., f/k/a/ Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc.; Highmark West Virginia Inc.; Highmark Blue Cross Blue Shield of Delaware Inc.; Highmark Western and Northeastern New York Inc. |
| Jess Nix | Capital Blue Cross |
| Anna Mercado Clark | Excellus (MTA case only) |
| Carl Burkhalter | BCBS-AL |
| Jay DeSanto | BCBSNE, GoodLife Partners, Inc. |
| Tracy A. Roman | |
| Jonathan Redgrave | HCSC (which operates through its divisions BCBS-IL, BCBS-MT, BCBS-NM, BCBS-OK and BCBS-TX); Caring for Montanans, Inc., f/k/a/ Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc.; Highmark West Virginia Inc.; Highmark Blue Cross Blue Shield Delaware Inc.; Highmark Western and Northeastern New York Inc.; California Physicians' Service d/b/a Blue Shield of California |
| Tom Rheaume | BCBSM |
| Rachel Zieminski | |
| Todd Stenerson | |
| Brooke Oppenheimer | Independence Health Group, Inc. and Independence Hospital Indemnity Plan, Inc. (f/k/a/ Independence Blue Cross) |
| Jeny Maier | |
| Barbara Samaniego | |
| Benje Bailey | BCBSMS |
| Patrick McDowell | |
| Gwendolyn Payton | Premera |
| Michael Naranjo | USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield and as Blue Advantage Administrators of Arkansas |

Defendants that contest personal jurisdiction and venue did not attend the Rule 26(f) conference, taking the position that by attending they risked waiving their personal jurisdiction and venue defenses in cases in which they did not yet have pending Rule 12 motions. Those Defendants[5] join this Rule 26(f) Report subject to their defenses regarding personal jurisdiction and venue.

---

[5] Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Kansas City; HealthyDakota Mutual Holdings; Blue Cross Blue Shield

**3.** **Initial Disclosures.** The Parties will exchange their initial disclosures required by Rule 26(a)(1) by **March 10, 2023.** The Parties agree that Defendants will produce declaration pages rather than full insurance policies as an initial step toward satisfying Rule 26(a)(1)(A)(iv). Plaintiffs will review those declaration pages and let Defendants know whether they need to produce additional policy information to satisfy Rule 26(a)(1)(A)(iv).

**4.** **Discovery Plan.**

After meeting and conferring, the Parties were able to substantially agree on a joint case schedule. The Parties agree that pre-trial proceedings should be completed such that the cases are positioned to be tried by this Court before the end of 2025 if that is the Court's preference. The Parties therefore propose the following schedule for the Court's consideration:

| Event | Proposal |
|---|---|
| Deadline for Rule 26(a) disclosures | March 10, 2023 |
| Deadline to respond to Requests for Production and Interrogatories, and identify to the propounding party the repositories to be searched, proposed custodians and search methodology, including any date limitations, search terms to be used or TAR as referenced in ESI Protocol. | Parties to work diligently and make exchanges promptly. |
| Deadline to produce discovery from MDL 2406 responsive to discovery requests | Parties to work diligently and make exchanges promptly. |
| Deadline for Defendants to Answer Plaintiffs' Complaints | 40 days after Motion to Dismiss Order |

of North Dakota; and Blue Cross Blue Shield of Wyoming contest personal jurisdiction and venue in all four cases. Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield and Lifetime Healthcare, Inc., contests personal jurisdiction and venue in the *Alaska Air*, *JetBlue*, and *Bed Bath & Beyond* cases. By joining this Report, these Defendants do not waive, and expressly preserve, their personal jurisdiction and venue defenses and their right to the relief sought in the motions to dismiss filed in the *Alaska Air*, *JetBlue*, and *MTA* cases, and soon to be filed in the *Bed Bath & Beyond* case.

| **Event** | **Proposal** |
|---|---|
| Final dates for Plaintiffs to amend pleadings | Deadline governed by Federal Rules |
| Deadline for Defendants to respond to Plaintiffs' Amended Complaints, if any | Deadline governed by Federal Rules |
| Close of Fact Discovery | June 7, 2024 |
| Plaintiff Expert Reports | August 8, 2024 |
| Defendant Expert Reports | October 25, 2024 |
| Plaintiff Expert Rebuttal/Reply Reports | December 20, 2024 |
| Close of expert discovery | March 7, 2025 |
| *Daubert* Motions Filed | April 9, 2025 |
| *Daubert* Oppositions Filed | June 16, 2025 |
| *Daubert* Replies Filed | July 16, 2025 |
| Summary Judgment Opening Briefs Filed | April 16, 2025 |
| Summary Judgment Oppositions Filed | July 16, 2025 |
| Summary Judgment Replies Filed | August 27, 2025 |
| Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists | TBD |
| Final date to file objections under Rule 26(a)(3) | TBD |
| Pretrial Order | TBD |
| Proposed jury instructions, voir dire questions, and any trial briefs | TBD |
| Final Pretrial Conference | TBD |

Case 2:21-cv-00559-RDP Document 67 Filed 02/23/26 Page 12 of 32

The Parties continue to meet and confer on other interim deadlines about which they disagree in terms of both the necessity and timing. These include:

- Deadline to submit custodial or search term disputes to the Court
- Substantial completion of document production with respect to unstructured data
- Substantial completion of production of structured data

To the extent the Parties are unable to reach resolution they may seek assistance from the Court.

**(a) Discovery from the MDL**

The Parties continue to meet and confer regarding reproduction of information from the MDL. The Parties agree that any reproduction of MDL material should be made promptly upon the entry of an appropriate protective order and other appropriate protections.

**(b) Discovery needs**

*i. Plaintiffs' position.*

Plaintiffs believe that discovery will generally be needed on at least the following subjects:

- Historical information regarding the BCBSA and Defendants' participation in the BCBSA;
- Historical information concerning the various trademarks that the BCBSA purportedly now owns;
- Information concerning Defendants' contacts with the Northern District of Alabama (at least as to those Defendants who persist on contesting jurisdiction and venue);
- Documents and communications related to the rules, regulations, by-laws, and standards of the BCBSA;

- Financial information, including structured and unstructured data, for each Defendant, including sources of revenues and expenses;
- Information related to Defendants' two-sided market claims (if Defendants persist in asserting this defense);
- Market data required for any rule of reason including market shares; entry requirements and costs; history of entry and exit; prices, costs and margins; and competitive conditions in general;
- Documents relating to actual or threatened litigation concerning any Blue trademarks or any of the BCBSA's rules, regulations, by-laws and standards;
- Documents related to the Anthem-Cigna proposed merger as they pertain to market definition, anticompetitive effects, and injury to the market;
- Documents and communications related to the ceding of National Accounts;
- Documents related to inter-plan fees;
- Documents related to Defendants' efforts, if any, to sell services, the services provided, and the pricing of such services provided, under a Green Brand;
- Documents and communications related to the Plaintiffs;
- Documents and communications related to: 1) the Long Term Business Strategy presented at the 1982 BCBSA meeting; 2) Proposition 1.2 adopted by the BCBSA in 1982; 3) the 1987 Assembly of Plans; 4) the Special Committee that proposed the "best efforts" requirement in 1996; 5) the National Best Efforts Rule; 6) the Local Best Efforts Rule; and 7) the rules associated with the bidding on National Accounts.
- Documents related to the pricing and/or calculation of Blue Card fees;

- BCBSA Board meeting minutes since 1980;
- Documents related to the Map Books;
- Documents and communications concerning Defined Service Areas, including, but not limited to, how such areas are defined, efforts to sell services beyond these areas; and
- Documents and communications concerning the extent to which the subscriber class action complaints implicated National Accounts and/or ASO Services, or the Defendants believed that subscriber class action complaints implicated National Accounts and/or ASO Services.

*ii. Defendants' position.*

In addition to providing discovery on the topics that Plaintiffs seek to explore in discovery to the extent relevant and proportional to the needs of the case, Defendants plan to seek discovery from Plaintiffs related to, among other things, the bases for Plaintiffs' allegations; Plaintiffs' decisions to purchase one or more Blue products and their consideration of alternatives; Plaintiffs' consideration of, negotiation for, and/or purchase of any product from Blue Plans or any of the Blue Plans' competitors; information about the products Plaintiffs have purchased, including ASO fees that Plaintiffs paid and the extent of enrollment of Plaintiffs' employees; Plaintiffs' corporate overhead; the relevant geographic and product market(s) for Plaintiffs' claims; the ways in which Plaintiffs directly benefited from their relationship with the Blues; Plaintiffs' and their brokers' negotiating power vis-à-vis Blue Plans; Plaintiffs' trademark rights and their efforts to create or preserve such rights; and Plaintiffs' alleged injuries and damages. Defendants anticipate propounding requests for documents, interrogatories, and requests for admission, and taking depositions of key witnesses at each of the Plaintiff entities.

Defendants also anticipate taking discovery from third parties, including issuing third-party subpoenas for documents and depositions.

**(c) Maximum number of interrogatories by each party to another party.**

The Parties agree to limit the number of interrogatories (including discrete subparts) to 30 per side to any opposing Party together with its affiliates.

**(d) Maximum number of requests for production by each side collectively**

The Parties are not seeking a specific numeric limit on requests for production at this time. The Parties agree to continue working together to focus document discovery and avoid overlapping or unduly burdensome requests for production. Provided that no numeric limit continues to apply, the Parties agree that each side will jointly serve requests for production on all opposing Parties to help streamline the process.

**(e) Maximum number of requests for admission.**

The Parties continue to meet and confer regarding requests for admission, including with respect to any limits on the number to be served and the applicability of those sent on September 27, 2022 in the *Alaska Air* and *JetBlue* cases.

**(f) Maximum number of depositions by each party.**

The Parties will confer on appropriate limits to the number of depositions as they become more familiar with the necessary discovery in this case. A witness may be deposed only once, unless he/she/they testify as a Rule 30(b)(1) witness and a Rule 30(b)(6) witness, in which case the Federal Rules regarding such depositions shall apply. In cases where a witness is deposed in more than one capacity, the Parties shall use their best efforts to complete that deposition in a single day. If more than one day is needed, the depositions of such witness shall occur on consecutive days unless otherwise needed.

**(g) Limits on the length of depositions, in hours.**

Absent agreement by the Parties or order of the Court upon good cause shown, depositions shall be governed by the Federal Rules of Civil Procedure and a deposition protocol to be agreed upon by the Parties.

**(h) Dates for supplementations under Rule 26(e).**

The Parties confirm that they will comply with their ongoing obligation to supplement under Rule 26(e).

**<u>4. Other Items.</u>**

**(a) A date if the parties ask to meet with the Court before a scheduling order.**

The Court has set a February 13, 2023 status conference. Doc. No. 3019 in 2:13-cv-20000-RDP (N.D. Ala.). The Parties propose the Court address the scheduling order at that conference.

**(b) Prospects for settlement.**

Although certain plaintiffs have sought to engage in discussions regarding resolutions of their claims, no meaningful discussions have occurred. The Parties are open to discussing a pre-trial resolution at an appropriate time.

**(c) Identify any alternative dispute resolution procedure that may enhance settlement prospects.**

As the case proceeds, the Parties expect to discuss experiences from mediation in the MDL that could be helpful in identifying any alternative dispute resolution procedure that may enhance settlement prospects.

**(d) Suggested trial date and estimate of trial length.**

The Parties suggest that the Court set pretrial deadlines once the Court has had an opportunity to rule on summary judgment, consistent with the approach in the MDL. The Parties did not discuss the potential length of trial at the Rule 26(f) conference but intend to revisit the length of trial as the cases progress.

**(e) Other matters.**

**a. Submission of protective order, ESI protocol, expert stipulation, and deposition protocol**.

Contemporaneous with the submission of this Rule 26(f) report, the Parties submit an agreed-upon expert stipulation. The Parties also plan to submit an agreed-upon ESI protocol, deposition protocol, and protective order in short order.

**b. Successors of the Parties.**

The Parties recognize that their corporate and plan forms and names may change during the pendency of this litigation. Accordingly, the Parties agree to notify each other promptly in the event that their corporate forms/names change, and shall meet and confer about potential stipulations for the substitution or addition of Parties, which must be submitted no later than the date for the exchange of Rule 26(a)(3) witness lists.

Dated: January 23, 2023

Respectfully submitted,

By: *\/s/ Benjamin T. Presley*
Jay M. Ezelle
H. Thomas Wells, III

Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Tel: (205) 868-6000
Email: jezelle@starneslaw.com
twells@starneslaw.com
bpresley@starneslaw.com

*Counsel for the Plaintiffs*

By: */s/ Paul E. Slater*

Paul E. Slater
Joseph M. Vanek
David P. Germaine
Eamon P. Kelly
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel: (312) 641-3200
Email: pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
ekelly@sperling-law.com

By: */s/ Phillip F. Cramer*

Phillip F. Cramer
SPERLING & SLATER, P.C.
150 3rd Avenue South, Suite 1100
Nashville, TN 37203
(312) 641-3200
Fax: (312) 641-6492
Email: pcramer@sperling-law.com

*Counsel for JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan, The Kraft Heinz Company, Kraft Heinz Group Benefits Plan, Kraft Heinz Retiree Group Benefits Plan, and North Central States Regional Council of Carpenters' Health Fund*

*Alaska Airlines, Inc.; Alaska Airlines, Inc. Welfare Benefit Plan; Alaska Air Group, Inc. Welfare Benefit Plan; Horizon Air Industries, Inc.; Horizon Air Industries, Inc. Welfare Benefit Plan; Employee*

*Benefit Plan for Employees of Horizon Air Industries, Inc.; Employee Benefit Plan for Full-Time and Part-Time Employees Horizon Air Industries, Inc.; Big Lots, Inc.; Big Lots Associate Benefit Plan; Conagra Brands, Inc.; ConAgra Foods, Inc. Welfare Benefit Wrap Plan; The Federal Express Corporation; FedEx Freight, Inc.; The Federal Express Corporation Group Health Plan; The FedEx Corporation Group Health Plan; FedEx Corporation Retiree Group Health Plan; The Federal Express Corporation Retiree Group Health Plan; The Federal Express Corporation Group Health Plan for Pilots; The Federal Express Corporation Retiree Group Health Plan for Pilots; FedEx Group Health Plan; JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan; Kellogg Company; Kellogg Company Welfare Benefit Plan; Kellogg Company Retiree Welfare Benefit Plan; The Kraft Heinz Company, Kraft Heinz Group Benefits Plan, Kraft Heinz Retiree Group Benefits Plan; McLane Company, Inc. McLane Company, Inc. Welfare Plan; Meijer Inc. including its affiliates Meijer Great Lakes LP, Meijer Stores LP, and Town Total Health LLC; Meijer Health Benefits Plan; North Central States Regional Council of Carpenters' Health Fund; Publix Super Markets, Inc.; Publix Super Markets, Inc. Group Health Benefit Plan; United Natural Foods, Inc., including its affiliates SUPERVALU, INC.. and Unified Grocers, Inc. ("UNFI"); UNFI Health and Welfare Plan; Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund; Ohio Carpenters' Health Fund; SEIU Local 1 & Participating Employers Health Trust; The Local No. 1 Health Fund; Plumbers' Welfare Fund, Local 130, U.A.; The Sheet Metal Workers Local 73 Welfare Fund; Chicago Painters and Decorators Welfare Fund; The Carpenters and Joiners Welfare Fund; Heartland Health & Wellness Fund; GuideStone Financial Resources; GuideStone group Plan; GuideStone Personal Plan; Church Pension Group Services Corporation; General Board of Pension and Health Benefits of the United Methodist Church; Concordia Plan Services; Concordia Health Plan; Portico Benefits Services (the Evangelical Lutheran Church*

*in America's benefit board); Christian Brothers Services (a church plan benefits board created by the Christian Brothers religious order); Christian Brothers Employee Benefit Trust; The Board of Pensions of the Presbyterian Church U.S.A.; The Benefits Plan of the Presbyterian Church (U.S.A.); Employee Benefits Plan of MBM Corporation; and the MBM Corporation*

By: */s/ J. Scott Hickman*

J. Scott Hickman
Eric G. Osborne
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
Tel: (615) 742-4200
Fax: (615) 742-4539
Email: shickman@srvhlaw.com
eosborne@srvhlaw.com

*Counsel for The Kraft Heinz Company, Kraft Heinz Group Benefits Plan, Kraft Heinz Retiree Group Benefits Plan, and North Central States Regional Council of Carpenters' Health Fund*

*Counsel for The Boeing Company; Employee Benefits Plan Committee of The Boeing Company, as the plan administrator and named fiduciary of The Boeing Company Master Welfare Benefit Plan; Bridgestone Americas, Inc.; Bridgestone Americas, Inc. Employee Group Insurance Plan; Bridgestone Americas, Inc. Retiree Medical Plan; CHS/Community Health Systems Inc., sponsor and administrator of the Community Health Systems Group Health Plan; Dollar General Corporation; Dollar General Health Plan (a component of the Dollar General Corporation Employee Benefits Plan); The Federal Express Corporation; FedEx Freight, Inc.; The Federal Express Corporation Group Health Plan; The FedEx Corporation Group Health Plan; FedEx Corporation Retiree Group Health Plan; The Federal Express Corporation Retiree Group Health Plan; The Federal Express Corporation Group Health Plan for Pilots; The Federal Express Corporation Retiree Group Health*

Case 2:21-cv-05520-JXN-MDP Document 95-7 Filed 02/17/26 Page 21 of 32

*Plan for Pilots; FedEx Group Health Plan; Tractor Supply Company; Tractor Supply Medical Plan*

By: */s/ Jason A. Zweig*

Jason A. Zweig
Patrick Huber
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Tel: (312) 216-8667
Email: jaz@kellerpostman.com
patrick.huber@kellerpostman.com

*Counsel for JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan, McLane Foodservice Distribution, Inc., and Employee Benefits Plan of MBM Corporation*

*Counsel for Alaska Airlines, Inc.; Alaska Airlines, Inc. Welfare Benefit Plan; Alaska Air Group, Inc.; Alaska Air Group, Inc. Welfare Benefit Plan; Horizon Air Industries, Inc.; Horizon Air Industries, Inc. Welfare Benefit Plan; Employee Benefit Plan for Employees of Horizon Air Industries, Inc.; Employee Benefit Plan for Full-Time and Part-Time Employees Horizon Air Industries, Inc.; American Electric Power Service Corporation; American Electric Power System Comprehensive Medical Plan; Big Lots, Inc.; Big Lots Associate Benefit Plan; Burlington Northern Santa Fe LLC (f/k/a Burlington Northern Santa Fe Corp.); Burlington Northern Santa Fe Corporation Group Benefits Plan; Burlington Northern Santa Fe Corporation Welfare Benefit Trust; FedEx Corporation; The Federal Express Corporation; FedEx Freight, Inc.; The Federal Express Corporation Group Health Plan; The FedEx Corporation Group Health Plan; FedEx Corporation Retiree Group Health Plan; The Federal Express Corporation Retiree Group Health Plan; The Federal Express Corporation Group Health Plan for Pilots; The Federal Express Corporation Retiree Group Health Plan for Pilots; FedEx Group Health Plan; McLane Company, Inc.; McLane Company, Inc. Welfare Plan; Employee*

Case 2:21-cv-00508-MRP Document 627-9 Filed 11/20/26 Page 22 of 32

*Benefits Plan of MBM Corporation; and the MBM Corporation*

*/s/ William J. Blechman*
William J. Blechman
Joshua B. Gray
Elizabeth B. Honkonen
KENNY NACHWALTER, P.A.
Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Email: wjb@knpa.com
jgray@knpa.com
ebh@knpa.com

*Counsel for US Foods, Inc.*

*Counsel for Albertsons Companies Inc.; New Albertsons L.P.; Albertson's LLC; New Albertson's Inc.; Safeway Inc.; Albertsons Companies, Inc. Health and Welfare Plan, f/k/a Albertson's LLC Health & Welfare Plan; New Albertson's Inc. Health and Welfare Plan; Hy-Vee Inc.; Hy-Vee and Affiliates Benefit Plan and Trust; The Kroger Co.; 84.51 LLC; Murray's Cheese LLC; The Kroger Co. Health and Welfare Benefit Plan; 84.51 LLC Health & Welfare Plan; Walgreen Co.; US Foods Holding Corporation; US Foods, Inc.; US Foods Health & Welfare Plan; Walgreen Health and Welfare Plan (Plan No. 501) f/k/a Walgreen Major Medical Expense Plan*

*/s/ Jon Corey*
Jon Corey
Shahin Rezvani
MCKOOL SMITH, PC
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
(213) 694-1200
jcorey@mckoolsmith.com
srezvani@mckoolsmith.com

John Briody
James Smith
David Schiefelbein
Daniel Hendler
MCKOOL SMITH, PC
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
(212) 402-9400
jbriody@mckoolsmith.com
jsmith@mckoolsmith.com
dschiefelbein@mckoolsmith.com
dhendler@mckoolsmith.com

Lew LeClair
Gary Cruciani
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
lleclair@mckoolsmith.com
gcruciani@mckoolsmith.com

Brenton K. Morris
BENTON, CENTENO & MORRIS, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205)-278-8000
bmorris@bcattys.com

*Counsel for Bed Bath & Beyond Inc.; Automobile Club of Southern California; Darling Ingredients Inc.; Griffin Industries, LLC; Dillard's, Inc.; Halliburton Energy Services, Inc.; G4S Secure Solutions (USA), Inc.; Kimberly-Clark Corporation; Lincoln National Corporation; Live Nation Entertainment, Inc.; Nestlé USA, Inc.; Perdue Farms Inc.; Pacific Gas and Electric Company; PG&E Corporation; Raytheon Technologies Corporation; Raytheon Company; Rockwell Collins, Inc.; Rite Aid Corporation; Rite Aid Hdqtrs. Corp.; Sterling Jewelers Inc.; Zale Corporation; Zale Delaware, Inc.; Starbucks Corporation; Tyson Foods, Inc.; Sears Holdings Corporation; Transform Midco LLC; and General Motors LLC*

*s/ Wilson F. Green*
Wilson F. Green
OF COUNSEL:
**WILSON F. GREEN LLC**
301 19th Street North, Ste. 525
Birmingham, Alabama 35203
(205) 722-1018
wilson@wilsongreenlaw.com

*Counsel for Metropolitan Transportation Authority, New York City Transit Authority, Manhattan and Bronx Surface Transportation Operating Authority, Triborough Bridge and Tunnel Authority, the Long Island Rail Road Company, The Metro-North Commuter Railroad Company, MTA Bus Company, MTA Construction and Development Company, Staten Island Rapid Transit Operating Authority*

*s/ Regina Calcaterra*
Regina Calcaterra
Michael Liskow
Anjori Mitra
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Fl.
New York, NY 10036
Telephone: (212) 899-1760
rcalcaterra@calcaterrapollack.com
mliskow@calcaterrapollack.com
amitra@calcaterrapollack.com

*Counsel for Metropolitan Transportation Authority, New York City Transit Authority, Manhattan and Bronx Surface Transportation Operating Authority, Triborough Bridge and Tunnel Authority, the Long Island Rail Road Company, The Metro-North Commuter Railroad Company, MTA Bus Company, MTA Construction and Development Company, Staten Island Rapid Transit Operating Authority*

Case 2:21-cv-05582-MRP Document 627-9 Filed 01/30/23 Page 26 of 33

Dated: January 23, 2023

Respectfully submitted,

/s/ *David H. Korn*
Evan R. Chesler
Karin A. DeMasi
Lauren R. Kennedy
Helam Gebremariam
David H. Korn
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com
hgebremariam@cravath.com
dkorn@cravath.com

*Lead Counsel for the Blue Cross Blue Shield System; Counsel for Defendant Blue Cross Blue Shield Association; Counsel for Defendants Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; GuideWell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of Tennessee, Inc.; California Physicians' Service d/b/a Blue Shield of California; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Health Care Service Corporation, an Illinois Mutual*

*Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation; Triple-S Salud, Inc.*

Craig A. Hoover
E. Desmond Hogan
Justin Bernick
Elizabeth Jose
W. David Maxwell
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
elizabeth.jose@hoganlovells.com
david.maxwell@hoganlovells.com

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc.*

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Arizona, Inc.; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of*

*(Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

John D. Martin
Lucile H. Cohen
Travis A. Bustamante
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 255-9421
Fax: (803) 256-7500
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com
travis.bustamante@nelsonmullins.com

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon; Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; California Physicians' Service d/b/a Blue Shield of California; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii)*

Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
cburkhalter@maynardcooper.com
jmalatesta@maynardcooper.com

Pamela B. Slate
HILL CARTER FRANCO COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL 36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

*Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc; Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Blue Cross and Blue Shield of North Carolina; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendants Premera Blue Cross,*

Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
Fax: (312) 862-2200
jzeiger@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Highmark Western and Northeastern New York Inc. (except with respect to claims by Bed Bath and Beyond Inc. and its affiliates and discovery to Raytheon Technology Corporation and its affiliates and General Motors Company and its affiliates)*

Jonathan M. Redgrave
REDGRAVE, LLP
4800 Westfields Blvd, Suite 250
Chantilly, VA  20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark Defendants and California*

*d/b/a Premera Blue Cross Blue Shield of Alaska*

Brian K. Norman
SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX 75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL 36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

*Counsel for Defendants CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.*

M. Patrick McDowell
Norman E. "Benje" Bailey, Jr.
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS 39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY
P.O. Box 1043
Jackson, MS 39215

*Physicians' Service d/b/a Blue Shield of California*

Todd M. Stenerson
Brian C. Hauser
SHEARMAN & STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@shearman.com
brian.hauser@shearman.com

Rachel Mossman Zieminski
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@shearman.com

Sarah L. Cylkowski
Thomas J. Rheaume, Jr.
BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
trheaume@bodmanlaw.com

Andy P. Campbell
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL PARTNERS LLC
505 North 20th Street, Suite 1600
Birmingham, AL 35203
Tel: (205) 224-0750
Fax: (205) 224-8622

Case 2:21-cv-05509-RDP Document 625-9 Filed 11/28/23 Page 30 of 32

Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company*

Ryan M. Hodinka
BALCH & BINGHAM, LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3464
Fax: (205) 488-5848
rhodinka@balch.com

*Counsel for Defendant USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield and as Blue Advantage Administrators of Arkansas*

Robert K. Spotswood
Michael T. Sansbury
Joshua K. Payne
Jess R. Nix
Morgan B. Franz
SPOTSWOOD SANSOM & SANSBURY LLC
Financial Center
505 20th Street North, Suite 700
Birmingham, AL 35203
Tel: (205) 986-3620
Fax: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com
jpayne@spotswoodllc.com
jnix@spotswoodllc.com
mfranz@spotswoodllc.com

*Counsel for Defendant Capital Blue Cross*

Robert R. Riley, Jr.

andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com

*Counsel for Defendant Blue Cross and Blue Shield of Michigan*

John DeQ. Briggs
Jeny M. Maier
AXINN, VELTROP & HARKRIDER, LLP
1901 L Street, N.W.
Washington, DC 20036
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
jmaier@axinn.com

Kail J. Jethmalani
AXINN, VELTROP & HARKRIDER, LLP
114 W 47th Street
New York, NY 10036
Tel: (212) 728-2200
Fax: (212) 728-2201
kjethmalani@axinn.com

Stephen A. Rowe
Aaron G. McLeod
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Tel: (205) 250-5080
Fax: (205) 250-5034
steve.rowe@arlaw.com
aaron.mcleod@arlaw.com

*Counsel for Defendants Independence Hospital Indemnity Plan, Inc. f/k/a*

RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL 35209
Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY 14203
Tel: (716) 847-8400
Fax: (716) 852-6100
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com

*Counsel for Defendant, Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield and Lifetime Healthcare, Inc. (appearing for the MTA case only)*

*Independence Blue Cross; Independence Health Group, Inc.*

Kathleen Taylor Sooy
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
troman@crowell.com

Sarah Gilbert
Honor Costello
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Tel: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com
hcostello@crowell.com

John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Tel: (205) 581-0700
Fax: (205) 581-0799
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Nebraska; GoodLife Partners, Inc.; Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Kansas City;*

Case 2:21-cv-00559-RDP Document 69-7 Filed 02/27/23 Page 32 of 32

*HealthyDakota Mutual Holdings; Blue Cross Blue Shield of North Dakota; and Blue Cross Blue Shield of Wyoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*s/ Benjamin T. Presley*
Benjamin T. Presley (ASB-0136-I71P)